IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| In re: | Chapter 11 |
| SD-Charlotte, LLC, *et al.*,[1] | Case No. 20-30149 |
| Debtors. | Joint Administration Requested |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 102
AND 105(a) AND BANKRUPTCY RULES 2002(m) AND 9007
ESTABLISHING CASE MANAGEMENT AND NOTICE PROCEDURES**

SD-Charlotte, LLC, RTHT Investments, LLC, SD Restaurant Group, LLC, SD-Missouri, LLC and Southern Deli Holdings, LLC, debtors and debtors-in-possession in the above-captioned cases ("Debtors"), hereby move (the "Motion") the Court for entry of an order establishing appropriate notice procedures for these Chapter 11 Cases (as defined below) and authorizing Debtors or their agent, Stretto, to mail notices customarily noticed by the Clerk of the Court. In support of the Motion, Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 102 and 105(a) of title 11, United States Code (the "Bankruptcy Code") and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

CHAR2\2241504v6         1

**BACKGROUND**

3.  Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases (the "Chapter 11 Cases") pursuant to Rule 1015(b) of the Bankruptcy Rules.

4.  Information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Brian Rosenthal in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"),[2] which has been filed contemporaneously herewith and is incorporated by reference herein.

**RELIEF REQUESTED**

5.  By this Motion, Debtors request entry of an order establishing appropriate notice procedures for these Chapter 11 Cases. For the reasons set forth below, Debtors propose that notice should be limited in these cases on various matters to only the parties affected thereby.

6.  Currently, over 2800 creditors and parties in interest may be entitled to receive notice in these Chapter 11 Cases. To require Debtors and other parties in these Chapter 11 Cases to provide notice of all pleadings and other papers filed in this case to these parties in interest would be extremely burdensome and costly to Debtors' estate, as a result of photocopying and postage expenses as well as other expenses associated with such large mailings.

7.  Specifically, Debtors propose that every notice, motion or application, and all briefs, memoranda, affidavits, declarations or other documents filed concurrently in support thereof in these cases (collectively, the "Filings") and all Filings, complaints and other pleadings filed in any adversary proceeding commenced in these cases (the "Adversary Pleadings") shall

---

[2] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

be subject to the notice procedures described below (the "Notice Procedures"), unless otherwise ordered by the Court.

8.  Debtors propose that all Filings in these Chapter 11 Cases shall be served upon the following list (the "Master Service List"):

    (i) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina;

    (ii) Debtors and counsel to Debtors;

    (iii) the 30 holders of the largest unsecured claims against the Debtors;

    (iv) counsel for the committee of general unsecured creditors appointed in these Chapter 11 Cases, if any (the "Creditors' Committee");

    (v) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 (the "2002 List Parties");

    (vi) counsel for Prepetition Secured Lender, counsel for DIP Lender, and counsel for the MCA Parties, if known;

    (vii) North Carolina Department of Revenue, Attn: Bankruptcy Unit, P.O. Box 1168, Raleigh, NC 27602;

    (viii) Securities & Exchange Commission, Attn: Office of Reorganization, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30326; and

    (ix) U.S. Department of the Treasury by service upon the Internal Revenue Service, Attn: Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101.

9.  With respect to the initial Master Service List, Debtors propose to include the top 30 general unsecured creditors.[3] If, and at such time as, a Creditors' Committee is formed, Debtors will add the attorney for the Creditors' Committee to the Master Service List and the

---

[3] Contemporaneously herewith, the Debtors have filed *The Debtors' Motion For An Order: (I) Authorizing The Filing Of (A) Consolidated Master List Of Creditors And (B) Consolidated List Of Top Unsecured Creditors; And (Ii) Approving The Form And Manner Of Notice Of Commencement.*

members of the Creditors' Committee, and remove the top 30 general unsecured creditors. Debtors have prepared an initial Master Service List, a copy of which is attached hereto as Exhibit A and incorporated herein by reference, which list is consistent with the aforementioned. Furthermore, if notices are required by Rules 2002 (a)(2), (3) or (6), 4001, 6004, 6006, 6007, or 9019, parties shall serve all such Filings on the Master Service List herein and also in accordance with the following procedures, unless otherwise authorized by the Court:

      a. Filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business shall be served on each entity having a known interest in the property.

      b. Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity having a lien or encumbrance on the affected property.

      c. Filings relating to the use of cash collateral or obtaining credit shall be served on each entity with a known interest in the cash collateral or each entity with a lien or other interest in property on which a lien is proposed to be granted.

      d. Filings relating to approval of proposed compromises or settlements, shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

      e. Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

      f. Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all creditors and equity holders of Debtors and parties in interest, except as set forth herein or as otherwise authorized by the Court.

10. All other Filings shall be served on the Master Service List and also on each entity with a particularized interest in the subject of the Filing. Additionally the Debtors will make the Filings readily available on request to the Debtors' proposed noticing and claims agent,

Stretto (the "Claims and Noticing Agent").  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Stretto website for Debtors commencing as of the date that is ten (10) days from the date of this Order.

11.     The Debtors shall serve the Master Service List by U.S. mail, overnight delivery, hand delivery, e-mail, or Notice of Electronic Filing through the CM/ECF system. Parties other than the Debtors and the Creditors' Committee shall serve Documents on the Master Service List in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"); provided that service by facsimile by such parties shall not be effective.

12.     The 2002 List Parties that have appeared in these Chapter 11 Cases shall be deemed to have consented to service by e-mail or ECF, and such party shall thereby be served in accordance with the case management procedures described herein.  Debtors further propose that, except as set forth herein or as otherwise authorized by the Court, proceedings described in Rule 2002 shall be noticed in accordance with the applicable provisions of such rules.

13.     Finally, Debtors propose that any entity submitting a Filing be required to serve notice of such Filing on the parties entitled to service of the Filing, the 2002 List Parties and that the notice include the title of the Filing, the time and date of any objection deadline and the hearing date (or other hearing date, as ordered by the Court) at which the Court will consider the Filing (the "Applicable Hearing Date").

14. To the extent allowed by the Bankruptcy Rules or the Local Rules, notices may include a statement that the relief requested in the Filing will be granted without a hearing if no objection is timely filed.

15. Notice given in accordance with the foregoing Notice Procedures should be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## Applicable Authority

16. Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of Debtors' creditors, equity security holders and other parties in interest. The Bankruptcy Rules, however, further provide, that "the Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the Court shall designate, if not otherwise specified herein, . . . the form and manner in which the notice shall be given.").

17. In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 102(1) of the Bankruptcy Code provides that where the Bankruptcy Code provides for an action to occur "after notice and a hearing" that such action may occur

CHAR2\2241504v6                                6

"after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A).

18. There are potentially over 2800 creditors and other parties in interest involved in these Chapter 11 Cases, each of which may be entitled to certain notices, including notice under Rule 2002(a)(2),(3) and (6). Debtors expect several parties to file notices of appearance and requests for notices and copies of pleadings as these cases proceed.

19. The costs associated with copying and mailing or otherwise serving all notices and motions to all creditors and parties in interest would impose an expensive administrative and economic burden on Debtors' estate and on creditors. Such mass mailings would be extraordinarily costly to Debtors' estate and require Debtors to divert resources to comply with these administrative requirements.

20. Debtors believe that adopting the Notice Procedures will substantially reduce administrative burdens and result in substantial cost savings to Debtors' estate because of the reduction of time and money Debtors will have to expend on the Filings. Debtors further believe that adopting the Notice Procedures will also significantly reduce the administrative and economic burden placed on creditors and parties in interest when filing the Filings.

21. The Notice Procedures have been tailored to attempt to ensure that all parties in interest that may be directly affected by the relief sought by a particular Filing or Adversary Pleading will receive notice of such Filing or Adversary Pleading directly from the party submitting the Filing or Adversary Pleading to the Court. Thus, Debtors believe no party will be adversely affected. Limited notice procedures are routinely granted by courts in large chapter 11 cases in order to reduce the expense of the administration of the estate. For these reasons,

Debtors believe the Notice Procedures are appropriate and should be approved and implemented in these Chapter 11 Cases.

22. Debtors propose to serve, within three (3) business days of its entry, a copy of the Order granting the relief requested herein upon all parties in interest in these Chapter 11 Cases. Debtors request that any Order granting the relief requested in the Motion shall become a Final Order if no party in interest in these Chapter 11 Cases has objected to the relief granted herein on or before the 20th day after entry of this Order. If any party in interest objects to the relief granted herein, Debtors request that the Court put such objection on for hearing at the next regularly scheduled hearing date in these Chapter 11 Cases; provided that the notice and case management procedures set forth in any Order granting the Motion shall continue in full force and effect until entry of an Order of the Court expressly superseding such Order.

## NOTICE

23. No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases. Debtors have served notice of the Motion on: (i) the 30 holders of the largest general unsecured claims against Debtors; (ii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (iii) counsel for the Prepetition Secured Lender; (iv) counsel for the DIP Lender, (v) counsel for the MCA Parties, if known; (vi) the Securities and Exchange Commission; (vii) the U.S. Department of Treasury; and (viii) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and submits that, given the nature of the relief requested, no other or further notice need be given. No previous application for the relief requested herein has been made by Debtors to this or any other court.

WHEREFORE, Debtors respectfully request entry of the proposed order, substantially attached hereto as <u>Exhibit B</u>, establishing the notice procedures set forth in the Motion for these Chapter 11 Cases and granting such other and further relief as is just.

Dated: February 7, 2020        **MOORE & VAN ALLEN PLLC**

/S/ Hillary B. Crabtree
Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
Joanne Wu (NC Bar 55044)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:    zacharysmith@mvalaw.com
Email:    hillarycrabtree@mvalaw.com
Email:    joannewu@mvalaw.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*

## EXHIBIT A

SEE ATTACHED PROPOSED INITIAL MASTER SERVICE LIST



# Master Service List
As of the Petition Date

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Telephone | Fax Number | Email Address |
|---|---|---|---|---|---|---|---|---|---|---|
| Advantage II | Attn: CEO/President | 1816 Sea Shell Ct | | Windsor | CO | 80550 | | | | |
| Advantage Platform Services, Inc. | dba Advantage Capital Funding | Attn: CEO/President | 104 E 25th Street, 10th Floor | New York | NY | 10010 | | | | info@advantagecapitalfunding.com |
| AJ Equity Group LLC | Attn: Officer or Director | 1451 47th Street | | Brookland | NY | 11219 | | | | |
| AMS Contractors Inc | Attn: Ben Hager | 6511 South Rocky River Road | | Monroe | NC | 28112 | | 704-764-8333 | | info@amscontractorsinc |
| AMS Contractors Inc | c/o Johnston, Allison & Hord, PA | Attn: Kenneth T. Lautenschlager | PO Box 36469 | Charlotte | NC | 28236 | | | | klautenschlager@jahlaw.com |
| Amur Equipment Finance, Inc. | Attn: Officer or Director | 308 N Locust Street | | Grand Island | NE | 68801 | | | | aeforiginator@amuref.com |
| APP Funding LLC | c/o The Law Offices of Jason Gang | Attn: Jason A. Gang | 1245 Hewlet Plaza, Suite 478 | Hewlett | NY | 11557 | | | | |
| APP Funding LLC/ Royal Business Group LLC | Attn: Officer or Director | 1685 Ralph David Abernathy Blvd | | Atlanta | GA | 30310 | | | | |
| Bimbo Bakeries USA | Attn: Fred Penny | PO Box 842419 | | Boston | MA | 02284-2419 | | 800-984-0989 | | |
| Blue Cross Blue Shield | Attn: Scott P. Serota | PO Box 580017 | | Charlotte | NC | 28258-0017 | | 888-206-4697 | | |
| BMF Capital, LLC | Attn: Officer or Director | 1820 Avenue M | Suite 125 | Brooklyn | NY | 11230 | | 646-493-2707 | | funding@bmfcapitalllc.com |
| BMF Capital, LLC | c/o Cain and Daniels, Inc. | Attn: Max Lora | 4902 Eisenhower Blvd, 2nd Floor | Tampa | FL | 33634 | | 813-658-3310 | 513-440-6905 | contact@cainanddaniels.com |
| BMF Capital, LLC | c/o Regent & Associates | Attn: Christopher Savoy | 3601 Audubon Pl | Houston | TX | 77006 | | | | christopherhandley@savoyassociates.com |
| Bridge Funding Group, Inc. | Attn: Officer or Director | 215 Shilling Circle | Suite 100 | Hunt Valley | MD | 21031 | | | | dmckew@bankunited.com |
| Bridge Funding Group, Inc. | c/o Cheng Cohen LLC | Attn: Amy Cheng | 363 West Erie Street, Suite 500 | Chicago | IL | 60654 | | | | amy.cheng@chengcohen.com |
| Bridge Funding Group, Inc. | c/o Grier Wright Martinez PA | Attn: Cotten Wright | 521 E. Morehead St., Suite 440 | Charlotte | NC | 28202 | | | | cwright@grierlaw.com |
| Bridge Funding Group, Inc. | c/o Lazer, Aptheker, Rosella & Yedid, PC | Attn: Jennifer L. Silvestro, Esq. | 225 Old Country Road | Melville | NY | 11747 | | | | silvestro@larypc.com |
| CC Funding | Attn: Officer or Director | 505 Park Avenue | 6th Floor | New York | NY | 10022 | | | | info@credit-cash.com |
| Cheney Brothers | Attn: Byron Russell | 1 Cheney Way | | Riviera Beach | FL | 33404 | | 800-432-1341 | | webmaster@cheneybrothers.com |
| Corporation Service Co, as Representative | Attn: Officer or Director | PO Box 2576 | | Springfield | IL | 62708 | | | | |
| CT Corporation System | Attn: SPRS | 330 N Brand Blvd | Suite 700 | Glendale | CA | 91203 | | | | |
| David Joe Philips | | 201 Telegraph Hill Blvd #2 | | San Francisco | CA | 94133 | | | | |
| Dimension Funding, LLC | Attn: Officer or Director | 6 Hughes | Suite 220 | Irvine | CA | 92618 | | | | florida@dimensionfunding.com |
| DLA Piper LLP | Attn: C. Kevin Kobbe | The Marbury Building | 6225 Smith Avenue | Baltimore | MD | 21209-3600 | | | | kevin.kobbe@dlapiper.com |
| DLA Piper LLP | Attn: Daniel Simon | One Atlantic Center | 1201 West Peachtree Street, Suite 2800 | Atlanta | GA | 30309-3450 | | | | daniel.simon@dlapiper.com |
| DLA Piper LLP | Attn: David Avraham | 444 West Lake Street, Suite 900 | | Chicago | IL | 60606-0089 | | | | david.avraham@dlapiper.com |
| EBF Partners, LLC | c/o Max Recovery Group LLC | Attn: Vadim Serebro | 55 Broadway, 3rd Floor | New York | NY | 10006 | | | | legal@maxrecoverygroup.com |
| EBF Partners, LLC | dba Everest Business Funding | 5 West 37th Street, Suite 1100 | | New York | NY | 10018 | | | | isosupport@ev-bf.com |
| EIN CAP, Inc. | Attn: Russell Naftali | 160 Pearl Street | 5th Floor | New York | NY | 10005 | | 646-663-1017 | 800-519-7189 | r.naftali@eincap.com; info@eincap.com |
| EIN CAP, Inc. | c/o Joseph S. Koval | 160 Pearl Street, 5th Floor | | New York | NY | 10005 | | | | jkovallaw@gmail.com; info@eincap.com |
| FTS Berewick LLC | c/o Aston Properties | Attn: Jackson Smith | 610 E. Morehead Street Ste 100 | Charlotte | NC | 28202 | | 704-366-7337 | | |
| Greer Walker LLP | Attn: Charles T. Greer | 227 W Trade Street | Suite 1100 | Charlotte | NC | 28202 | | 704-377-0239 | | charles.greer@greerwalker.com |
| Group 11 Advisors LLC | Attn: Andrew A. Talley | 600 City Pkwy W Ste 650 | | Orange | CA | 92868 | | 702-262-4235 | 714-464-4783 | info@group11advisors.com |
| Hagar Restaurant Service Inc | Attn: CEO/President | 6200 NW 2nd Street | | Oklahoma City | OK | 73127 | | 405-262-2184 | 405-236-5592 | okcparts@hagarrs.com; okcservice@hagarrs.com |
| Hunter Mechanical LLC | Attn: CEO/President | 226 Salters Creek Rd | | Hampton | VA | 23661 | | 757-224-8229 | | office@huntermechanical.net |
| IA Matthews Sycamore, LLC | Attn: Thomas P/ McGuinness | 3025 Highland Parkway | Suite 350 | Downers Grove | IL | 60515 | | 630-570-0700 | | info@inventrustproperties.com |
| Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | | Philadelphia | PA | 19101-7346 | | | | |
| IPFS Corporation | Attn: CEO/President | 1055 Broadway 11th Fl | | Kansas City | MO | 64105 | | 800-255-6316 | 816-942-0475 | |
| Itria Ventures LLC | Attn: Jordan Parker, Esq. | One Penn Plaza, Suite 4530 | | New York | NY | 10119 | | | | |
| Itria Ventures LLC | Attn: Officer or Director | 1000 N West Street, Suite 1200 | | Wilmington | DE | 19801 | | | | |
| Itria Ventures LLC | c/o Kasowitz Benson Torres LLP | 1400 16th Street, Suite 400 | | Denver | CO | 80202 | | | | soreilly@kasowitz.com |
| Libertas Funding, LLC | Attn: Officer or Director | 382 Greenwich Avenue, Suite 2 | | Greenwich | CT | 06830 | | | | customer.service@libertasfunding.com |
| Loomis | Attn: Artiz Larrea | Dept 0757 | PO Box 120001 | Dallas | TX | 75312-0757 | | 281-271-6651 | | |
| Lucent Tech Inc Master Pension Trust | c/o Lincoln Harris Attn: Dawn Kibler | 4725 Piedmont Row Dr | Suite 800 | Charlotte | NC | 28210 | | 704-714-7600 | | |
| Mantis Funding, LLC | Attn: Officer or Director | 64 Beaver Street, Suite 344 | | New York | NY | 10004 | | | | |
| Mecklenburg County Tax Collector - Prop Tax | Attn: Neal Dixon | PO Box 71063 | | Charlotte | NC | 28272-1063 | | 704-336-7600 | | taxmeck@mecklenburgcountync.gov |
| Merchants Food Service | Attn: Tamesha Barnes | PO Box 1351 | | Hattiesburg | MS | 39403-1351 | | | | dstansfield@merchantsfoodservice.com |
| Minacake | Attn: Michael L King | 422 St Remy Blvd | | Oxford | MS | 38655 | | 662-234-3303 | | |
| Moore & Van Allen PLLC | Attn: Zachary H. Smith & Hillary B. Crabtree & Joanne Wu & Gabriel Mathless & Jim Langdon | 100 North Tryon Street, Suite 4700 | | Charlotte | NC | 28202-4003 | | 704-331-1000 | 704-339-5968 | zacharysmith@mvalaw.com; hillarycrabtree@mvalaw.com; joannewu@mvalaw.com |
| National Retail Properties | Attn: Jay Whitehurst | PO Box 864205 | | Orlando | FL | 32886-4205 | | 407-265-7348 | | investorrelations@www.nnnreit.com |
| North Carolina Department of Revenue | Attn: Bankruptcy Unit | PO Box 1168 | | Raleigh | NC | 27602-1168 | | | | |
| NUCO2 | Attn: CEO/President | PO Box 417902 | | Boston | MA | 02241-7902 | | 800-472-2855 | 772-781-3500 | |
| P and M Holding Group LLP | Attn: CEO/President | 16060 Collections Center Dr | | Chicago | IL | 60693 | | 248-352-2500 | | |
| Performance Food Service | Attn: Craig Hoskins | 2801 Alex Lee Blvd | | Florence | SC | 29506 | | 800-800-6434 | | |
| Pritchard & Jerden | Attn: Lawson Burnat, CPCU, VP/ Principal | 950 East Paces Ferry Rd NE | Ste. 2000 | Atlanta | GA | 30326 | | 404-949-1062; 678-290-0337 | 404-261-5440 | lburnat@pjins.com |
| Region Capital | Attn: Officer or Director | 323 Sunny Isles Blvd, Suite 501 | | Sunny Isles | FL | 33160 | | | | info@regioncapitalllc.com |
| Reinhart Foodservice LLC | Attn: CEO/President | 6250 N River Road Suite 9000 | | Rosemont | IL | 60018 | | 847-227-6500 | | |
| Robinson Bradshaw | Attn: David M. Schilli | 101 N Tryon Street, Suite 1900 | | Charlotte | NC | 28246 | | | | dschilli@robinsonbradshaw.com |
| Royal Business Group LLC | Attn: Officer or Director | 734 West Broadway | | Woodmere | NY | 11598 | | | | |
| RPSC Greenwood Retail LLP | Attn: CEO/President | 6080 Jericho Tpke Ste 101 | | Commack | NY | 11725 | | | | |
| RTHT Investments, LLC | Attn: Officer or Director | 131 East Lincoln Avenue, Suite C | | Fort Collins | CO | 80524 | | | | |

Case 22-30149 Doc 105 Filed 07/20/22 Entered 07/20/22 11:42:04 Desc Main

For assistance, please contact Stretto by emailing TeamSDC@Stretto.com or by calling 855.303.5664 (toll-free).



# Master Service List
As of the Petition Date

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Telephone | Fax Number | Email Address |
|---|---|---|---|---|---|---|---|---|---|---|
| SD Restaurant Group, LLC | Attn: Officer or Director | 131 East Lincoln Avenue, Suite C | | Fort Collins | CO | 80524 | | | | |
| SD-Charlotte, LLC | Attn: Officer or Director | 131 East Lincoln Avenue | Suite C | Fort Collins | CO | 80524 | | | | |
| SD-Missouri, LLC | Attn: Officer or Director | 131 East Lincoln Avenue | Suite C | Fort Collins | CO | 80524 | | | | |
| Securities & Exchange Commission | Attn: Office of Reorganization | 950 East Paces Ferry Road, NE, Suite 900 | | Atlanta | GA | 30326 | | | | atlanta@sec.gov |
| Service Properties Trust Corp | c/o The RMR Group LLC | PO Box 776903 | | Chicago | IL | 60677-6903 | | 617-964-8389 | 617-969-5730 | info@svcreit.com |
| Smith and Greene Company Inc | Attn: Brad Smith | 19015 66th Ave South | | Kent | WA | 98032-1154 | | 425-988-6625 | | brads@smithandgreene.com |
| Sonic Industries Inc | Attn: CEO/President | PO Box 268946 | | Oklahoma City | OK | 73126 | | 405-225-5000 | | |
| Southern Deli Holdings, LLC | Attn: Officer or Director | 131 East Lincoln Avenue | Suite C | Fort Collins | CO | 80524 | | | | |
| Spirit Realty LLP | Attn: Jackson Hsieh | 2727 North Hanwood Street | Suite 300 | Dallas | TX | 75201 | | 972 476-1900 | 800-973-0850 | |
| Store Capital Corporation | Attn: Christopher H. Volk | 8377 E Hartford Dr | Suite 100 | Scottsdale | AZ | 85255 | | 480-256-1100 | 480-256-1101 | info@storecapital.com |
| STORE Master Funding III, LLC | Attn: Officer or Director | 8377 E Hartford Drive | Suite 100 | Scottsdale | AZ | 85255 | | | | info@storecapital.com |
| TVT 2.0, LLC | Attn: Customer Service | 1111 Draper Parkway, Suite 200 | | Draper | UT | 84020 | | | | |
| TVT 2.0, LLC | c/o Parson Behle & Latimer | 201 South Main Street, Suite 1800 | | Salt Lake City | UT | 84111 | | | | |
| US Bankruptcy Administrator | Attn: Shelley K. Abel | 402 W. Trade Suite, Suite 200 | | Charlotte | NC | 28202 | | | | shelley_abel@ncwba.uscourts.gov |
| US Department of the Treasury | c/o Internal Revenue Service | Attn: Centralized Insolvency Operation | PO Box 7346 | Philadelphia | PA | 19101-7346 | | | | |
| US Foods, Inc. | Attn: Officer or Director | 9399 West Higgins Road | | Rosemont | IL | 60018 | | | | |
| Yaron Goldman | | 131 East Lincoln Avenue, Suite C | | Fort Collins | CO | 80524 | | | | |

For assistance, please contact Stretto by emailing TeamSDC@Stretto.com or by calling 855.303.5664 (toll-free).

Page 2 of 2

<u>EXHIBIT B</u>

SEE ATTACHED PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SD-Charlotte, LLC, *et al.*,[1] | ) Case No. 20-30149 |
| Debtors. | ) Joint Administration |

## ORDER ESTABLISHING NOTICE PROCEDURES

Upon the motion (the "<u>Motion</u>")[2] of SD-Charlotte, LLC, RTHT Investments, LLC, SD Restaurant Group, LLC, SD-Missouri, LLC and Southern Deli Holdings, LLC, debtors and debtors-in-possession in the above-captioned case (the "<u>Debtors</u>"), for an order under 11 U.S.C. §§ 102 and 105(a) and Bankruptcy Rules 2002(m) and 9007 establishing certain case management and notice procedures; upon review of the First Day Declaration, consideration of all of the proceedings held before the Court and after due deliberation, the Court makes the following findings of fact and conclusions of law:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

A. The relief requested in the Motion is in the best interest of Debtors and their estate and the establishment of the Notice Procedures set forth in the Motion are fair and reasonable;

B. Adoption of the Notice Procedures will substantially reduce administrative burdens and result in substantial cost savings to Debtors' estate because of the reduction of time and money Debtors will have to expend on the Filings;

C. Adoption of the Notice Procedures will also significantly reduce the administrative and economic burden placed on creditors and parties in interest when filing the Filings;

D. The Notice Procedures and are tailored to attempt to ensure that all parties in interest that may be directly affected by the relief sought by a particular Filing or Adversary Pleading will receive notice of such Filing or Adversary Pleading directly from the party submitting the Filing or Adversary Pleading to the Court;

E. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

F. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and

G. Notice of the Motion has been due and sufficient under the circumstances.

Now, therefore, based upon the foregoing, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Notice Procedures are hereby APPROVED.

3. All Filings in these cases shall be served upon the following list (the "Master Service List") of parties or entities:

    (i) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina;

    (ii) Debtors and counsel to Debtors;

 (iii) the 30 holders of the largest unsecured claims against the Debtors;

 (iv) counsel for the committee of general unsecured creditors appointed in these Chapter 11 Cases, if any (the "Creditors' Committee");

 (v) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 (the "2002 List Parties");

 (vi) counsel to the Prepetition Secured Lender; counsel to the DIP Lender; counsel to the MCA Parties, if known;

 (vii) Securities & Exchange Commission, Attn: Office of Reorganization, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30326; and

 (viii) U.S. Department of the Treasury by service upon the Internal Revenue Service, Attn: Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101.

4. Furthermore, if notices are required by Rules 2002 (a)(2), (3) or (6), 4001, 6004, 6006, 6007, or 9019, parties shall serve all such Filings on the Master Service List herein and also in accordance with the following procedures, unless otherwise authorized by the Court:

 a. Filings related to the use, sale, lease or abandonment of property other than in the ordinary course of business shall be served on each entity having a known interest in the property.

 b. Filings related to relief from, or otherwise related to, the automatic stay shall be served on each entity having a lien or encumbrance on the affected property.

 c. Filings relating to the use of cash collateral or obtaining credit shall be served on each entity with a known interest in the cash collateral or each entity with a lien or other interest in property on which a lien is proposed to be granted.

 d. Filings relating to approval of proposed compromises or settlements, shall be served on any entity that is a party to the compromise or settlement or which may be directly adversely affected thereby.

   e. Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) affected thereby.

   f. Notice of other matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all creditors and equity holders of Debtors and parties in interest, except as set forth herein or as otherwise authorized by the Court.

  5. All other Filings shall be served on the Master Service List and also on each entity with a particularized interest in the subject of the Filing.

  6. The Debtors will make the Filings readily available on request to the Debtors' Claims and Noticing Agent.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Claims and Noticing Agent website for Debtors commencing as of the date that is ten (10) days from the date of this Order.

  6. Except as set forth herein or as otherwise authorized by the Court, proceedings described in Rule 2002 shall be noticed in accordance with the applicable provisions thereof.

  7. Any entity submitting a Filing be required to serve notice of such Filing on the parties entitled to service of the Filing, the 2002 List Parties and that the notice include the title of the Filing, the time and date of any objection deadline and the hearing date (or other hearing date, as ordered by the Court) at which the Court will consider the Filing (the "Applicable Hearing Date").

  8. To the extent allowed by the Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules for the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"), notices may include a statement that the relief requested in the Filing will be granted without a hearing if no objection is timely filed.

9.  <u>Exhibit A</u> to the Motion shall serve as the initial Master Service List, and Debtors shall update the Master Service List on a monthly basis to include the names and addresses of any party-in-interest who has made a written request for notice since the prior month, such updated Master Service List to be filed with the Court and circulated to all parties appearing thereon in the event there are changes to the Master Service List.

10.  The initial Master Service List includes the top 30 general unsecured creditors, and shall be revised at such time that a Creditors' Committee is formed, if one is formed at all, to (i) include the attorney for the Creditors' Committee and the members of the Creditors' Committee and (ii) remove the top 30 general unsecured creditors, subject to the right of any creditor on either list to make an appearance in these cases and request service in this proceeding pursuant to Bankruptcy Rule 2002.

11.  Notice given in accordance with the foregoing Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

12.  Debtors shall, within three (3) business days of its entry, serve a copy of this Order upon all parties in interest in these Chapter 11 Cases. This Order shall become a Final Order if no party in interest in these Chapter 11 Cases has objected to the relief granted herein on or before the 20th day after entry of this Order. If any party in interest objects to the relief granted herein, the Court shall put such objection on for hearing at the next regularly scheduled hearing date in these Chapter 11 Cases; <u>provided</u> that the notice and case management procedures set forth herein shall continue in full force and effect until entry of an Order of the Court expressly superseding this Order.

This Order has been signed electronically.              United States Bankruptcy Court
The Judge's signature and Court's seal
Appear at the top of the Order.