**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 20-30149 |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Joint Administration Requested |
| | ) | |
| Debtors. | ) | **NOTICE OF OPPORTUNITY FOR** |
| | ) | **HEARING** |
| | ) | (No Protest Notice: No |
| | ) | Hearing Will Be Held Unless |
| | ) | Request For Hearing Is Filed) |
| | ) | |

      **TAKE NOTICE** that SD-Charlotte, LLC, RTHT Investments, LLC, SD Restaurant Group, LLC, SD-Missouri, LLC and Southern Deli Holdings, LLC, debtors and debtors-in-possession in the above-captioned cases (the "Debtors") have filed papers with the Court to reject certain non-residential real property lease agreements. A copy of these papers is included with this Notice.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

      If you do not want the Court to order the rejection of the non-residential real property lease agreements, or if you want the Court to consider your views on the motion, then on or before **FEBRUARY 20, 2020**, you or your attorney must do three things:

    1.    **File with the Court a written response <u>requesting that the Court hold a hearing</u> and explaining your position. File the response at:**

        U.S. Bankruptcy Court
        401 West Trade Street
        Room 111
        Charlotte, North Carolina 28202

      If you mail your request to the Court above for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

    2.    **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

U.S. Bankruptcy Administrator Office
402 W. Trade Street
Suite 200
Charlotte, North Carolina 28202-1669

Moore & Van Allen PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Attn: Hillary B. Crabtree
Facsimile #: (704) 339-5968

Linda W. Simpson
JD THOMPSON LAW
P.O. Box 33127
Charlotte, NC  28233
Facsimile:      (704) 943-1152


3.      **Attend the hearing scheduled for February 26, 2020, at 9:30 a.m.** in
        Courtroom C 1-5, United States Bankruptcy Court, Charles R. Jonas Federal
        Building, 401 West Trade Street, Charlotte, North Carolina 28202.

        If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD,**
and the Court may decide that you do not oppose the relief sought in the motion and may enter
an order granting that relief.

Dated: February 7, 2020

                                        */s/ Linda W. Simpson*
                                        Linda W. Simpson
                                        N.C. Bar No. 12596
                                        JD THOMPSON LAW
                                        P.O. Box 33127
                                        Charlotte, NC  28233
                                        Telephone:   (704) 641-4359
                                        Facsimile:    (704) 943-1152
                                        Email:        LWS@JDThompsonLaw.com

                                        *Proposed Special Conflicts Counsel to the Debtors
                                        and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SD-Charlotte, LLC, *et al.*,[2] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |
| | ) | |

**DEBTORS' MOTION TO REJECT CERTAIN
NON-RESIDENTIAL REAL PROPERTY LEASE AGREEMENTS**

SD-Charlotte, LLC, RTHT Investments, LLC, SD Restaurant Group, LLC, SD-Missouri, LLC and Southern Deli Holdings, LLC, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby move the Court (the "Motion") for entry of an order authorizing the Debtors to reject certain unexpired leases of non-residential real property described below pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[2] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

2.      The statutory predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules.

## GENERAL BACKGROUND

3.      On February 7, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.   The Debtors continue to operate their businesses and manage their affairs as a debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No request for the appointment of a trustee or examiner has been made, and no statutory committee or trustee has been appointed in these cases (the "Chapter 11 Cases").

5.      As additional background information, the Debtors rely on the *Declaration of Brian Rosenthal in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration")[3]

## BACKGROUND-LEASES AND ASSIGNMENTS

6.      The Debtors seek to reject certain of its leases related to three Fuzzy's Taco Shop locations.  Although these locations are operated by SD Restaurant Group, LLC, at least one location has RTHT Investments, LLC as a tenant.  Shortly before the Petition Date, the Debtors determined that operations were not sustainable and closed the three restaurants.   All of the employees were laid off and the restaurants were closed.

7.      The Debtors are seeking to reject the leases as of the Petition Date to avoid unnecessary expense and burden to the estates of incurring administrative expenses.

### The Berewick Lease

---

[3] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

8.      On or about July 7, 2017, Debtor RTHT Investments, LLC (the "Berewick

Tenant") entered into a Lease Agreement (as amended, supplemented or otherwise modified

from time to time, the "Berewick Lease") with FTS Berewick, LLC (the "Berewick Landlord")

with respect to non-residential real property located at 4824 Berewick Town Center Drive,

Charlotte, North Carolina 28278 (the "Berewick Premises").  A copy of the Berewick Lease is

attached hereto as Exhibit A.

9.      As set forth in the Berewick Lease, the Berewick Premises is composed of (i) an

approximately 0.81 acre of non-residential parcel of real property located in the Berewick Town

Center retail project, as further described in the Conceptual Site Plan attached as Exhibit A to the

Berewick Lease, and (ii) an approximately 3,825 square-foot building with adjacent patio, as

depicted and labeled as the "Premises" on the Conceptual Site Plan attached as Exhibit A to the

Berewick Lease and as shown on the Building Plan attached as Exhibit A-1 to the Berewick

Lease.

10.     The Berewick Lease has a ten (10) year term, which commenced on July 7, 2017

and expires on July 6, 2027.  As of the Petition Date, the monthly base rent was $11,793.75, plus

Additional Rent (as defined in the Berewick Lease) and all other amounts to be paid by the

Berewick Tenant to the Berewick Landlord under the Berewick Lease.

11.     The Debtors have determined that it is in the best interest of the Debtors, their

creditors, and their bankruptcy estates as a whole to reject the Berwick Lease effective as of the

Petition Date in order to enable the Debtors to successfully reorganize their obligations and

eliminate unsustainable expenses.

**The Matthews Lease**

12.     Prior to the Petition Date, Debtor SD Restaurant Group, LLC (the "Matthews

Tenant") entered into that certain Assignment and Assumption of Interest in Lease Agreement

with Debtor RTHT Investments, LLC (in such capacity, the "Matthews Assignor"), pursuant to

which the Matthews Tenant assumed all of the Matthews Assignor's right, title and interest in an

under that certain Shopping Center Lease Agreement dated as of October 3, 2017 (as amended,

supplemented or otherwise modified from time to time, the "Matthews Lease"), by and between

IA Matthews Sycamore, L.L.C. (the "Matthews Landlord") and the Matthews Assignor with

respect to non-residential real property located at 2225 Matthews Township Parkway, Suite C,

Matthews, North Carolina 28105 (the "Matthews Premises").  A copy of the Matthews Lease is

attached hereto as Exhibit B-1.  A copy of the Assignment and Assumption of Interest in Lease

Agreement by and between the Matthews Tenant and the Matthews Assignor is attached hereto

as Exhibit B-2.

13.     The obligations of the Mathews Tenant to the Mathews Landlord under the

Mathews Lease have been guaranteed by Debtor SD-Missouri, LLC pursuant to that certain

Guaranty dated as of September 26, 2017, by and between SD-Missouri, LLC and the Mathews

Landlord (the "Matthews Guaranty").  A copy of the Matthews Guaranty is attached hereto as

Exhibit B-3.

14.     As set forth in the Matthews Lease, the Matthews Premises is composed of

approximately 5,770 square feet of gross floor space as outlined on the Site Plan attached as

Exhibit A to the Matthews Lease.

15.     The Matthews Lease has a ten (10) year term, which commenced on October 6,

2017 and expires on April 30, 2028.  As of the Petition Date, the monthly base rent was

$11,299.58, plus Additional Rent (as defined in the Matthews Lease) and all other amounts to be

paid by the Matthews Tenant to the Matthews Landlord under the Matthews Lease.

16.     The Debtors have determined that it is in the best interest of the Debtors, their

creditors, and their bankruptcy estates as a whole to reject the Matthews Lease effective as of the

Petition Date in order to enable the Debtors to successfully reorganize their obligations and eliminate unsustainable expenses.

**The Rea Farms Lease**

17.    On June 10, 2017, Debtor SD Restaurant Group, LLC (the "Rea Farms Tenant") entered into that certain Assignment and Assumption of Interest in Lease Agreement with Debtor RTHT Investments, LLC (in such capacity, the "Rea Farms Assignor"), pursuant to which the Rea Farms Tenant assumed all of the Rea Farms Assignor's right, title and interest in an under that certain Lease Agreement dated as of November 15, 2017 (as amended, supplemented or otherwise modified from time to time, the "Rea Farms Lease", and together with the Berewick Lease and the Matthews Lease, collectively, the "Leases"), by and between RFR, LLC (the "Rea Farms Landlord", and together with the Berewick Landlord and the Matthews Landlord, collectively, the "Landlords") and the Rea Farms Assignor with respect to non-residential real property located at 9805 Sandy Rock Place, Unit 8, Charlotte, North Carolina 28277 (the "Rea Farms Premises"). A copy of the Rea Farms Lease is attached hereto as Exhibit C-1. A copy of the Assignment and Assumption of Interest in Lease Agreement by and between the Rea Farms Tenant and the Rea Farms Assignor is attached hereto as Exhibit C-2.

18.    As set forth in the Rea Farms Lease, the Rea Farms Premises is composed of that certain space known as Building D, Space 8 in the Retail Development (as defined in the Rea Farms Lease) containing approximately 4,220 rental square feet of Floor Area (as defined in the Rea Farms Lease).

19.    The Rea Farms Lease has a ten (10) year term, which commenced on October 21, 2018 and expires on October 20, 2028. As of the Petition Date, the monthly base rent was $11,956.67, plus Additional Rent (as defined in the Rea Farms Lease) and all other amounts to be paid by the Rea Farms Tenant to the Rea Farms Landlord under the Rea Farms Lease.

20.     The Debtors have determined that it is in the best interest of the Debtors, their creditors, and their bankruptcy estates as a whole to reject the Rea Farms Lease effective as of the Petition Date in order to enable the Debtors to successfully reorganize their obligations and eliminate unsustainable expenses.

**BASIS FOR RELIEF REQUESTED**

21.     Section 365(a) governs the rejection of any executory contract or unexpired lease. A debtor in possession may, subject to court approval, assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a).

22.     The significance of rejection under Section 365 is that it relieves the estate of onerous and burdensome future obligations. See In re Shangra-Law, Inc., 167 F.3d 843, 849 (4th Cir. 1999) (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984)).

23.     The decision to assume or reject an executory contract or unexpired lease is a matter within a debtors' "business judgment." See NLRB v. Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984) (stating, "[t]he usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993); Control Data Corp. v. Zelman (In re Minges), 602 F.2d 38, 42 (2d Cir. 1979).  Accordingly, courts generally defer to a debtor's decision to reject a contract that, in the debtor's business judgment, is burdensome and that rejection likely will benefit the estate.  See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 40 (3d Cir. 1989).

24.     The Court should accept a debtor's decision to reject an executory contract "except upon a finding of bad faith or gross abuse of [the debtor's] business discretion." Lubrizol Enters. Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),

756 F.2d 1043, 1047 (4th Cir. 1985).  "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1985).

25.    In the exercise of its business judgment, the Debtors have determined that the Leases are burdensome to the Debtors and their respective estates.  As of the date of this Motion, the Debtors have closed the restaurants at the leased locations, but have not removed personal property assets of the Debtors at such locations. The Debtors have filed this Motion to avoid the administrative costs to their estates after closure of the locations and will make arrangements with the Landlords to turn over occupancy of the same.

26.    As a result, the Debtors have determined that, in the exercise of their sound business judgment, the Leases are of no further value to their estates and hereby move for the rejection of the Leases effective as of the Petition Date.

### NOTICE

27.    The Debtors have served notice of this Motion on: (i) the 30 holders of the largest general unsecured claims against Debtors; (ii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (iii) counsel for the Prepetition Secured Lender; (iv) counsel for the DIP Lender, (v) counsel for the MCA Parties, if known; (vi) the Securities and Exchange Commission; (vii) the U.S. Department of Treasury; (viii) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (vix) the Landlords, and submits that, given the nature of the relief requested, no other or further notice need be given.  No previous application for the relief requested herein has been made by Debtors to this or any other court.

### CONCLUSION

28.      Based on the foregoing, the rejection of the Leases under Section 365(a) of the Bankruptcy Code is a sound exercise of the Debtors' business judgment and is in the best interest of the Debtors and the Debtors' estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing the rejection of the Leases and deeming the Leases rejected pursuant to Section 365(a) of the Bankruptcy Code effective as of the Petition Date and (b) providing such further relief as is just and proper.

[*Remainder of page intentionally left blank.*]

Dated: February 7, 2020.

/s/ Linda W. Simpson
Linda W. Simpson
N.C. Bar No. 12596
JD THOMPSON LAW
P.O. Box 33127
Charlotte, NC  28233
Telephone:    (704) 641-4359
Facsimile:    (704) 943-1152
Email:        LWS@JDThompsonLaw.com

*Proposed Special Conflicts Counsel to the Debtors
and Debtors-in-Possession*