**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
| | ) | |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION,
PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2014, FOR AUTHORITY TO EMPLOY AND
RETAIN MOORE & VAN ALLEN PLLC AS BANKRUPTCY COUNSEL TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

SD-Charlotte, LLC, RTHT Investments, LLC, SD Restaurant Group, LLC, SD-Missouri,

LLC and Southern Deli Holdings, LLC, as debtors and debtors-in-possession in the above

captioned cases ("Debtors"), file this application (the "Application") pursuant to Sections 327(a)

and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order,

substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to

employ and retain Moore & Van Allen PLLC ("MVA") as bankruptcy counsel for the Debtors

*nunc pro tunc* to the Petition Date (as defined below).   The facts and circumstances supporting

this Application are set forth in the Declaration of Zachary H. Smith, Esq., a Member of Moore &

Van Allen PLLC, in Support of Application to Employ and Retain Moore & Van Allen PLLC as

Bankruptcy Counsel to the Debtors and Debtors-in-Possession Effective as of the Petition Date

(the "Smith Declaration"), attached as **Exhibit B**.   In support of the Application, the Debtors

respectfully represent as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.   Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter

is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The relief sought by this Application is based upon sections 327(a), 327(c), 328,

330 and 1107 of title 11 of the Bankruptcy Code and has been filed in accordance with the local

rules of the United States Bankruptcy Court for the Western District of North Carolina (the "Local

Rules").

## BACKGROUND

3.      On February 7, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.   The Debtors continue to operate their businesses

and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code (the "Chapter 11 Cases").

4.      No request for the appointment of a trustee or examiner has been made.

5.      In support of the Application, the Debtors rely on the Declaration of Brian

Rosenthal in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief (the

"First Day Declaration"), filed on February 7, 2020 [Docket No. 17] and incorporated herein by

reference.   Any capitalized terms not defined in this Application shall have the meaning attributed

in the First Day Declaration.

## RELIEF REQUESTED

6.      The services of attorneys pursuant to the terms of the Application are necessary

in order to enable the Debtors to execute faithfully their duties as debtors-in-possession.   By the

Application, the Debtors seek authority to retain and employ MVA as their counsel in these

Chapter 11 Cases, pursuant to section 327(a) of the Bankruptcy Code, effective as of the Petition

2

Date.   Accordingly, the Debtors respectfully request entry of an order pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing them to employ and retain MVA as their attorneys under a general retainer to perform legal services that will be necessary during the Chapter 11 Cases.

7.   The Debtors seek to retain MVA as bankruptcy counsel because of MVA's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.   Through its prepetition representation of the Debtors and in preparing for the Chapter 11 Cases, MVA has become familiar with the Debtors' businesses and affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Cases.   Moreover, MVA is experienced in practicing before the Court, which also will prove to be cost-effective and beneficial to the Debtors.   Accordingly, the Debtors believe that MVA is well-qualified to represent them in the Chapter 11 Cases.

## STANDARDS FOR APPROVING
## EMPLOYMENT AND RETENTION OF COUNSEL

8.   Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).   Section 327(c) provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c).   MVA satisfies all of these standards, as set forth below.

## NO ADVERSE INTEREST AND DISINTERESTED PERSON

9.   As set forth in more detail in the Smith Declaration, MVA has completed a conflicts

3

check with respect to (i) the Debtors; (ii) the Debtors' top 40 unsecured creditors on a consolidated basis (as reflected on the Debtors' petitions); (iii) all current creditors that are included on the matrix filed with the Court; (iv) secured lenders and the DIP Lender, against a list of MVA's current and former engagements and clients.

10.     The results of the conflicts check reflect that, in certain matters wholly unrelated to the Debtors and the Chapter 11 Cases, MVA represents or has represented certain individuals and entities who may be parties in interest or creditors in the Chapter 11 Cases.   MVA has disclosed this to the Debtors, and also in the Smith Declaration.   The Debtors have no objection to these matters.   Additionally, to the extent conflicts arise with MVA's current or former clients, the Debtors have engaged Linda Simpson Counsel with JD Thompson Law as their proposed conflicts counsel in these Chapter 11 Cases.[2]

11.     Except as otherwise set forth above and in the Smith Declaration, to the best of the Debtors' knowledge, MVA has no connection with the Debtors, their creditors, or any other parties in interest, or their respective attorneys and advisors.

12.     Based on the foregoing, the Debtors submit that MVA holds no adverse interest to the Debtors' bankruptcy estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

13.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis.   MVA intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases subject to the approval of this Court and in compliance with applicable

---

[2]  The Debtors will be filing a separate retention application for JD Thompson Law as conflicts counsel.

provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and orders of this Court,

on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred

by MVA.   MVA has advised the Debtors that the current hourly rates applicable to the principal

attorneys proposed to represent the Debtors are:

| Attorneys | Title | Department | Billing Rate |
|---|---|---|---|
| Zachary H. Smith | Member | Bankruptcy and Restructure | $775.00 |
| James R. Langdon | Member | Bankruptcy and Restructure | $735.00 |
| Robert C. Bowers | Member | Litigation | $550.00 |
| Marcus S. Lee | Member | Corporate | $545.00 |
| Hillary B. Crabtree | Member | Bankruptcy and Restructure | $505.00 |
| Cole B. Richins | Associate | Bankruptcy and Restructure | $450.00 |
| Gabriel L. Mathless | Associate | Bankruptcy and Restructure | $425.00 |
| John T. Floyd | Member | Litigation | $385.00 |
| Joanne Wu | Associate | Bankruptcy and Restructure | $270.00 |

14.    The hourly rates set forth above are MVA's 2020 standard hourly rates for work of

this nature.   These rates are subject to periodic adjustment.   They are set at a level designed to

compensate MVA fairly for its work and to cover fixed and routine overheard expenses.   It is

MVA's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with the client's case.   The expenses charged to clients include, among other things,

telephone and telecopier charges, mail and express mail charges, special or hand delivery charges,

document processing, photocopying charges, travel expenses, expenses for working meals,

computerized research, and copying and mailing charges from outside vendors and transcription

costs.   MVA will charge the Debtors' for these expenses in a manner and at rates consistent with

charges made generally to MVA's clients and pursuant to the compensation guidelines in this

district.   MVA intends to seek compensation for all time and expenses associated with its

retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Smith Declaration, and related documents, as well as any monthly fee statements, interim or final fee applications.

15.     MVA was originally retained by the Debtors in 2016 and provided periodic corporate counsel to the Debtors.   MVA did not receive payment from the Debtors with respect to any such prepetition corporate work in the 90 days prior to the Petition Date.

16.     For planning and preparation for the filing of the Chapter 11 Cases, and various restructuring and other matters attendant thereto, MVA received into its trust account a total of $245,000.00 (exclusive of the filing fees) in retainers during the 90 days prior to the Petition Date on various dates shown on Schedule 3 to the Smith Declaration (the "Retainers").   Of this amount, $95,000 was paid by the Debtor and $150,000 was specifically earmarked by certain affiliates of Sonic Industries Inc. in the prepetition loan described in the First Day Declaration. As authorized in the resolutions to the Debtors' petitions and required as a condition to funding, Sonic agreed to provide the bridge loan to the company and specifically required that $150,000 of the funds would immediately be paid to MVA, and $50,000 of the funds would immediately be paid to MERU.   The terms of the agreement did not permit the company to use these funds for any other purpose.   The Debtors complied with the directions for funding from Sonic. Additionally, the Debtors funded the filing fees of $8,585.00.   Prior to the Petition Date, the Retainers were applied to applicable prepetition invoices for bankruptcy representation

17.     The purpose of the Retainers for the bankruptcy representation was to secure the payment of professional fees to MVA.   As specified in the Smith Declaration, MVA has agreed to waive any claim for additional prepetition amounts (if any) to the extent such amounts exceed the Retainers.

18.     As a result of the payment of the prepetition invoices and the foregoing waiver,

MVA is owed nothing further for prepetition services.

19.     The professional services that MVA will render to the Debtors include, but shall

not be limited to, the following:

     a.     providing the Debtors legal advice with respect to their powers and duties as debtors-in-possession in the continued operation of their businesses and management of their assets;

     b.     assisting in taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the behalf of Debtors, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

     c.     preparing or assisting in preparing all necessary schedules, statements, applications, answers, orders, reports, motions and notices in connection with the administration of the estates of the Debtors;

     d.     preparing responses to applications, motions, other pleadings, notices, and other papers that may be filed and served in the Chapter 11 Cases;

     e.     appearing before this Court and such other courts as may be appropriate to represent the interests of the Debtors in matters that require representation and to represent and assist Debtors in negotiations with other parties-in-interests in the Chapter 11 Cases;

     f.     advising the Debtors concerning actions it might take to collect and recovery property for the benefit of their estates;

     g.     advising the Debtors concerning executory contracts and unexpired lease assumptions, assignments, and rejections;

     h.     advising the Debtors in connection with any post-petition financing under Section 364 of the Bankruptcy Code,

     i.     advising Debtors in connection with any sale of all or substantially all of their assets under section 363 of the Bankruptcy Code;

     j.     advising the Debtors in formulating and preparing a chapter 11 plan, the related disclosure statement, any revisions and amendments

relating to such documents, and all related materials, and advising and assisting the Debtors in connection with the solicitation and confirmation processes; and

k.      performing all other necessary legal services for the Debtors which may be necessary in the Chapter 11 Cases.

## BEST INTERESTS OF THE ESTATES

20.     The Debtors believe that the employment of MVA as attorneys for the Debtors is necessary, is in the best interest of the Debtors, the Debtors' bankruptcy estates and creditors and is appropriate and should be approved under 11 U.S.C. §§ 327, 328 and 1107.   MVA's expertise, knowledge of the Debtors an their businesses, experience before this Court and in other complex chapter 11 cases both in North Carolina and nationally makes MVA well suited to represent the Debtors in these Chapter 11 Cases.

21.     Based upon the foregoing, MVA satisfies all the requirements for employment as attorneys for the Debtors under sections 327(a), 327(c) and 1107 of the Bankruptcy Code.

## *NUNC PRO TUNC* APPROVAL

22.     The Debtors request that MVA's retention be made effective as of the Petition Date in order to allow MVA to be compensated for the substantial work it has performed for the Debtors since that date, but prior to the Court's consideration of this Application.   The Debtors commenced the Chapter 11 Cases on February 7, 2020 and this Application has been prepared and submitted as promptly as possible under the expedited circumstances of the Chapter 11 Cases. The Debtors believes that no party in interest will be prejudiced by the granting of the employment of MVA as of the Petition Date because MVA has provided and continues to provide valuable services to the Debtors' estates during this period.   The Debtors submit that under the circumstances, retroactive approval of the Application to the Petition Date is warranted.   *See DBMP LLC,* Case No. 20-30080 (Bankr. W.D.N.C. Jan 24, 2020); *In re Kaiser Gypsum Company,*

8

*Inc.* Case No. 16-31602 (Bankr. W.D.N.C. Oct. 21, 2016); *In re Bestwall, LLC,* Case No. 17-31795

(Bankr. W.D.N.C. Nov 2, 2017); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir. 1988).

## NOTICE

23.     The Debtors will provide notice of this Application to (i) the 40 holders of the

largest general unsecured claims against Debtors on a consolidated basis as reflected on the Debtors

petitions; (ii) the Office of the United States Bankruptcy Administrator for the Western District of

North Carolina; (iii) counsel for the Prepetition Secured Lender; (iv) counsel for the DIP Lender;

(v) counsel for the MCA Parties, if known; (vi) the Securities and Exchange Commission; (vii) the

U.S. Department of Treasury; and (viii) all parties who have requested notice in these Chapter 11

Cases pursuant to Bankruptcy Rule 2002, and submits that, given the nature of the relief requested,

no other or further notice need be given.

24.     No prior application for the relief requested herein has been made to this or any

other court.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed

Order authorizing the employment of MVA under the terms specified to represent it as bankruptcy

counsel for the Debtors in the Chapter 11 Cases and approving its employment as set forth herein

effective as of the Petition Date; and (ii) grant the Debtors such other and further relief as is just

and proper.

Dated: February 13, 2020               **SD-Charlotte, LLC**
**RTHT Investments, LLC**
**SD Restaurant Group, LLC**
**SD-Missouri, LLC**
**Southern Deli Holdings, LLC**

Chapter 11 Debtors and Debtors-in-Possession

/s/___Matthew Smith_____

Name: Matthew Smith
Title: Independent Director

/s/___Brian Rosenthal_____

Name:    Brian Rosenthal
Title:    Chief Restructuring Officer

## <u>EXHIBIT A</u>

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**ORDER (I) APPROVING THE RETENTION OF
MOORE & VAN ALLEN PLLC AS ATTORNEYS FOR
THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF
THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned Debtors for entry of an

order (the "Order") pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing the Debtors to employ and retain Moore & Van Allen PLLC

("MVA") *nunc pro tunc* to the Petition Date (as defined in the Application) as bankruptcy counsel

for the Debtors in accordance with its normal hourly rates and disbursement policies, as is more

fully set forth in the Application; and upon the Declaration of Zachary H. Smith, Esq., a Member

of MVA (the "Smith Declaration"), which is attached to the Application as Exhibit B; and it

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).
[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.
CHAR2\2243770v3

appearing that the Court has jurisdiction to consider the Application; and the Court being satisfied, based upon the representations made in the Application and the Smith Declaration, that MVA represents or holds no interest adverse to the Debtors or their estates as to the matters upon which it is to be engaged and that MVA is disinterested under the meaning of section 101(14) of the Bankruptcy Code, and that the employment of MVA is necessary and would be in the best interest of the Debtors and the Debtors' estates, and that the terms of MVA's engagement set forth in the Application and the Smith Declaration are reasonable pursuant to section 328(a) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the notice of the Application having been properly given and such notice being adequate for the entry of this Order; and it appearing that no other notice is required; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are authorized to retain and employ MVA as their bankruptcy counsel in these Chapter 11 Cases effective as of the Petition Date, in accordance with MVA's customary hourly rates and reimbursement policies in effect when services are rendered.

3.      MVA shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Rules, the applicable Local Rules, the guidelines established by the Bankruptcy Administrator, and any applicable orders of this Court.

4.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

CHAR2\2243770v3

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or

related to this Order.


This Order has been signed electronically.                United States Bankruptcy Court
The Judge's signature and Court's seal
Appear at the top of the Order.

14

**Exhibit B**

**Smith Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*,[3] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**DECLARATION OF ZACHARY H. SMITH, ESQ., MEMBER OF MOORE & VAN ALLEN PLLC, IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN MOORE & VAN ALLEN PLLC AS BANKRUPTCY COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION IN THIS CASE EFFECTIVE AS OF THE PETITION DATE**

In accordance with Bankruptcy Rule 2014, I, Zachary H. Smith, Esq., hereby state as follows:

1.    I am a member of the law firm of Moore & Van Allen PLLC ("MVA"), which maintains offices at Suite 4700, 100 North Tryon Street, Charlotte, North Carolina 28202-4003, as well as Charleston, South Carolina.   I have been duly admitted to practice law in the State of North Carolina and have been admitted to practice law before this Court in connection with the above-captioned case (the "Chapter 11 Cases").

2.    I submit this declaration (the "Declaration") in accordance and in compliance with, and to provide disclosure pursuant to, sections 327(a), 328(a), 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application to employ

---

[3] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

CHAR2\2243770v3

MVA as counsel for the Debtors (the "Application") filed by the above captioned debtors and debtors-in-possession (the "Debtors").    Capitalized terms not defined herein have the meaning ascribed in the Application.

3.      On February 7, 2020 (the "Petition Date"), the Debtors filed with this Court a voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      MVA has completed a conflicts check with respect to (i) the Debtors; (ii) the Debtors' top 30 unsecured creditors on a consolidated basis (as reflected on the Debtors' petitions); (iii) secured and unsecured creditors as noted on the attached Schedule 1 to this declaration; and (iv) against a list of MVA's current and former engagements and clients.    The parties searched are shown on Schedule 1 hereto.    I am presently aware of the current representations of potential parties in interest and certain of their affiliates listed on Schedule 2 hereto.    In addition, I am presently aware of representations that MVA considers former representations (all of which ceased prior to February 1, 2020) of potential parties in interest and certain of their affiliates listed on Schedule 3 hereto.    Except as otherwise specifically disclosed herein, the representations listed on Schedules 2 and 3 are wholly unrelated to the Debtors or their Chapter 11 Cases.

5.      Notwithstanding the above, while not a current conflict, MVA has a large real estate practice.    Certain of the Debtors' landlords have property managers that are clients of MVA. MVA does not believe such relationships are in fact a conflict as the property managers are not the actual creditors.    However, if such relationships become a conflict, Linda Simpson and JD Thompson has agreed to act as the Debtors' conflicts counsel.

6.      Additionally, a small creditor is the North Carolina Department of Transportation. One of MVA's Members is on the North Carolina Board of Transportation.    While MVA does not believe this is a conflict, an ethical firm wall has been put into place to avoid communications

with this MVA Member regarding MVA's representation of the Debtors. This matter is being
disclosed out of an abundance of caution.

7.      Notwithstanding the scope of the conflicts check conducted, as of the date hereof
the Debtors have not yet filed their schedules, and as such MVA's review of the full creditor body
for purposes of identifying and disclosing connections with these entities is ongoing.    While MVA
has searched over 400 creditors with balances owed as of the Petition Date, MVA has not yet
searched the entire matrix which includes non-creditor parties in interest.    Further, as the creditor
list is evolving, MVA reserves the right to supplement these disclosures.    In light of the extensive
number of creditors and other parties in interest, and because definitive lists of all such creditors
and other parties have not yet been finalized, neither I nor MVA are able to conclusively identify
all potential relationships at this time.    MVA will supplement this Declaration, if necessary, as
further information is obtained.

8.      In the ordinary course of its practice, MVA—with over 250 attorneys in two offices
located in North and South Carolina—has formerly represented or continues to represent the
individuals or entities listed on Schedule 2 and Schedule 3 on matters wholly unrelated to the
Debtors or their Chapter 11 Cases.    The Debtors have no objection to these matters.    MVA's
relationship with these individuals and entities will not impair or affect MVA's ability to
discharge its duties to the Debtors and their estates.    Further, in the event conflicts arise, Linda
Simpson with JD Thompson Law has been engaged as conflicts counsel.    Based on the results
of the conflicts check of the creditor matrix and except as listed on Schedule 3, I am presently
unaware of former representations of potential parties in interest.    MVA will supplement this
Declaration to the extent any other connections are determined.

9.      On information and belief, based on my personal knowledge and the information
currently available in the conflicts database MVA maintains in the regular course of businesses as

17

to which I have been advised, neither I, MVA, nor any member, counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or has any connection with the Debtors, their creditors or any other parties in interest herein, except as described on <u>Schedule 2</u>.

## **DISINTERESTEDNESS**

10.     MVA is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that MVA and, to the best of my present knowledge, its members:

    (a)    are not creditors, equity security holders or insiders of the Debtors;

    (b)    are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petition, directors, officers or employees of the Debtors; and

    (c)    do not have any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors as specified in subparagraph (a) or (b) of this paragraph, or for any other reason.

11.     Furthermore, to the best of my knowledge, information and belief, neither I nor any member of my firm (i) is a relative of any of the judges who serve at the United States Bankruptcy Court for the Western District of North Carolina, including Chief Judge Beyer, the presiding judge in these Chapter 11 Cases; (ii) owns any debt or equity security of the Debtors or holds any claim against the Debtors; and/or (iii) is a relative of any person employed by the Office of the United States Bankruptcy Administrator for the Western District of North Carolina.

## **PROFESSIONAL COMPENSATION**

12.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. MVA intends to apply for compensation for professional services rendered in connection with these

Chapter 11 Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by MVA.   MVA has advised the Debtors that the current hourly rates applicable to the principal attorneys proposed to represent the Debtors are:

| Attorneys | Title | Department | Billing Rate |
|-----------|-------|------------|--------------|
| Zachary H. Smith | Member | Bankruptcy and Restructure | $775.00 |
| James R. Langdon | Member | Bankruptcy and Restructure | $735.00 |
| Robert C. Bowers | Member | Litigation | $550.00 |
| Marcus S. Lee | Member | Corporate | $545.00 |
| Hillary B. Crabtree | Member | Bankruptcy and Restructure | $505.00 |
| Cole B. Richins | Associate | Bankruptcy and Restructure | $450.00 |
| Gabriel L. Mathless | Associate | Bankruptcy and Restructure | $425.00 |
| John T. Floyd | Member | Litigation | $385.00 |
| Joanne Wu | Associate | Bankruptcy and Restructure | $270.00 |

13.    The hourly rates set forth above are MVA's 2020 standard hourly rates for work of this nature.    These rates are subject to periodic adjustment.    They are set at a level designed to fairly compensate MVA for its work and to cover fixed and routine overheard expenses.    It is MVA's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.    The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and copying and mailing charges from outside vendors and transcription costs.    MVA will charge the Debtors' estates for these expenses in a manner and at rates consistent

19

with charges made generally to MVA's clients.    MVA intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, this Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications.

14.    Except as disclosed herein, no promises have been received by MVA, nor any other member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.    MVA has received no promise for compensation from any source other than the Debtors and has no agreement with any other entity to share with such entity any compensation received by MVA other than its members and associates in accordance with the operating agreement of the firm.

15.    The foregoing constitutes the statement of MVA in compliance with, and to provide disclosure pursuant to, sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 of the Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 13, 2020                    /s/ Zachary H. Smith_____
                                            Zachary H. Smith

20

CHAR2\2243770v3

## SCHEDULE 1

## CONFLICTS SEARCH SUMMARY

### Equity Owners

John Clark
Merrick McKinnie
Jeff Lindquist
D&A Partners LLP
Hirshfield Real Estate Group, Inc.
Tower-Gil Holdings LLC
Minacake LLC
Southern Deli Holdings LLC
Yaron Goldman

### Secured Parties

Bridge Funding Group, Inc.
Corporation Service Co.
US Foods, Inc.
Dimension Funding, LLC
Amur Equipment Finance, Inc.
CT Corporation System
Store Master Funding III, LLC
CC Funding

### MLA Parties

Itria Ventures LLC
Advantage Platform Services, Inc., (dba) Advantage Capital Funding
TVT 2.0, LLC
Libertas Funding, LLC
Region Capital
BMF Capital, LLC
AJ Equity Group LLC
EBF Partners, LLC (dba Everest Business Funding)
EIN CAP, Inc.
APP Funding LLC
Royal Business Group, LLC
Mantis Funding, LLC

### Landlords

FTS Berewick, LLC
IA Matthews Sycamore, L.L.C.
RFR, LLC
Cary Development Partners, LLC
521 Partners, LLC
PHD @ Skibo II, LLC
M&M of Berewick, LLC
The Wallace Indian Land LLC
GB Amberly Place, LLC
New Mountain, LLC
Matthews Festival, LP
Glenwood Brawley Company, L.L.C.
CK Rivergate Expansion LLC

CHAR2\2243770v3

NWWP LP
Heritage Outparcels, LLC
SDI of Pigeon Forge, LLC
SD Real Estate Holdings LLC
Boom Holdings, LLC
Spirit Master Funding, LLC
Wlodzimierz Szpikowski and Elizabeth Szpikowski
1319 State Street Owner LLC
1810 Wynnton Road LLC
Joe Macione, Jr. and Annette P. Macione
NADG NNN SDI-VIC (GA) LP
NADG NNN SDI-Whit (GA) LP
Roger and Rebecca Atckinson Family Trust
Michael E. Haupt as Trustee under the Haupt Family Trust Dated July 16, 1997
Vasilios Gatsios and Eleni Gatsios, Trustee of the Gatsios Living Trust Dated November 14, 2011
Pilar's, L.L.C.
National Retail Properties, L.P.


### SD-Charlotte, LLC Creditors

ADCO CLEANING SERVICES INC
ADVANCED REFRIGERATION SERVICES LLC
AIRGAS INC
AIRGAS NATIONAL CARBONATION
AMS CONTRACTORS INC
BARCO UNIFORMS INC
BIMBO BAKERIES USA
BLUE CROSS BLUE SHIELD
BULBS COM INC
BURKE COUNTY TAX COLLECTOR
CATAWBA COUNTY TAX COLLECTOR
CATAWBA COUNTY TAX COLLECTOR
COMMERCIAL LIGHTING SUPPLY INC
DANIEL M GERNANZ
DOT-IT
DREW PEARSON COMPANY LLC
DUKE ENERGY-70516
ECOLAB PEST ELIMINATION DIV
GASKETS ROCK INTERNATIONAL INC
GASTON COUNTY TAX COLLECTOR
GASTON COUNTY TAX COLLECTOR-PROP TAX
HAGAR RESTAURANT SERVICE INC
HERITAGE
HM ELECTRONICS INC
HOLSTON GASES TRI CITIES
IREDELL COUNTY TAX COLLECTOR-PROP TAX
KESCOR INC
KINGTON SEWER SEPTIC DRAIN CLEANING SERVICE INC
KNOXVILLE DOOR LLC
LAKESIDE COMMERCIAL REFRIGERATION LLC
LOOMIS
MECKLENBURG COUNTY TAX COLLECTOR-PROP TAX
MIDWEST BADGE CORP
NC DEPT OF TRANSPORTATION
P AND M HOLDING GROUP LLP
PETER H BRENN

CHAR2\2243770v3

PRICE DAVIS LLC
PRO SERVICES OF LAKE NORMAN LLC
RC SPORTS INC
REINHART FOODSERVICE LLC
RENTOKIL NORTH AMERICA INC
RF TECHNOLOGIES INC.
SDI OF PIGEON FORGE LLC
SHOES FOR CREWS INC
SNAGAJOB COM INC
SONIC INDUSTRIES INC
SOUTHEASTERN PROTECTION SERVICES INC
STAFFORD-SMITH INC
STALEY INC
TOWN OF INDIAN TRAIL TAX COLLECTOR
UNION COUNTY TAX COLLECTOR
US FOODS INC
VALLEY PROTEINS INC
WELLMANS LAWNCARE AND LANDSCAPE LLC
WHALEY FOODSERVICE
WIND RIVER ENVIRONMENTAL LLC
WINDSTREAM-9001908
WOOD CATAWBA CENTER LLC
X-PRESS SIGNS GRAPHICS
SEVIER COUNTY TRUSTEE


**SD OXI LLC Creditors**


ADFINITELY LLC

**Southern Deli Holdings, LLC    Creditors**


INTERNAL REVENUE SERVICE


**SD Missouri, LLC Creditors**

MIDWEST SYSTEMS & SERVICES
COLUMBUS WATER WORKS
FEDERAL EXPRESS INC/OKC
COCA-COLA NORTH AMERICA
MONTGOMERY WATER WORKS
CARRCO
HOLSTON GASES TRI CITIES
DYKES RESTAURANT SUPPLY INC
QUICK PASS CUSTOMER SERVICE CENTER
MARSHALL SHREDDING CO LLC
LOCKE PLUMBING AND ELECTRIC CO INC
CARLISLE FOOD SERVICE INC
TOASTER CONNECTION
PITNEY BOWES POSTABE BY PHONE
LIFESTREAM WATER SYSTEMS INC

CHAR2\2243770v3

ROGERSVILLE WATER DEPARTMENT
ARTHUR JOSEPH STANDEN III
ADVERTISING ANYTHING INC
SCP DISTRIBUTIOIN LLC
GREENSWEEP CLEANING AND MAINTENANCE LLC
WINDSTREAM-9001908
CHARTER COMMUNICATIONS HOLDINGS LLC
HEARN SERVICES INC
TRI CITIES LOCK AND SAFE LLC
BRANDON COLLINS
ARC3 GASES FORMERLY ARCET
ARTHUR G ARSENEAU
SCOTT E MORRIS
KINGS COUNTRY PRODUCE
INTELLICORP RECORDS INC
KINGTON SEWER SEPTIC DRAIN CLEANING SERVICE INC
WEX BANK
ENJOY LLC
MERRICK MCKINNIE
COLLIER SERVICES LLC
MIDWEST BADGE CORP
GASKETS ROCK INTERNATIONAL INC
ASSEMBLED PRODUCTS CORP
OPTEC DISPLAYS INC
SUPERIOR GROUP OF COMPANIES INC
SHIELDS ELECTRONICS SUPPLY INC
COMMERCIAL ELECTRONICS INC
MARSHALL COUNTY GAS DISTRICT
MTP LLC
KNOXVILLE DOOR LLC
STAPLES INC
TR LAWING REALTY INC
WINDSTREAM 9001013
DAVIDSON AND DAVIDSON CORP
COLE PLUMBING INC
THE SHERWIN WILLIAMS CO
DREW PEARSON COMPANY LLC
THE GASKET GUY NORTH ALABAMA
BEE SAFE LOCK & KEY INC
COMMERCIAL LIGHTING SUPPLY INC
S&S PROMOTIONS INC
ATMOS
WE CUT LAWN & LANDSCAPING LLC
JUST 4 DOORS COM INC
CERTIFIED COMMERICAL SERVICE & EQUIPMENT
RAYWOOD LANDSCAPE CENTER INC
MC BUILDERS LLC
PITNEY BOWES CREDIT CORP-1248394
LOWES COMPANIES INC
DAYMARK SAFETY SYSTEMS
SPIRE
JB CONSTRUCTION GROUP INC
FABCON INC
HIGHERME
WARNER WORKS LLC
ADVANCED ELECTRICAL SERV SOLUTIONS LLC
MF PLUMBING NINJAS OF VIRGINIA LLC

CHAR2\2243770v3

COTTON CUSTOM METALS LLC
HUGHES NETWORK SYSTEMS LLC
UNIVERSAL ATLANTIC SYSTEMS INC
RC SPORTS INC
GROUP 11 ADVISORS LLC
HUNTER L JACKSON
ELEAS SIGN INC
L AND W SUPPLY CORP
GASKET GUY OF CENTRAL GA
MICHELLE D MCBRIDE
JAMES K FUNK
BRANDON TURNER
DIXIE ELECTRIC PLUMBING & AIR
NICHIHA USA INC
COLORADOS BEST LANDSCAPING LLC
STALEY INC
DAVID B NIX
PEAKSVIEW LANDSCAPING LLC
SEE THE MATRIX INC
BRIGHTRIDGE
APPALACHIAN POWER
AMERICAN HEATING AND COOLING INC
JEREMY SCOTT MCNUTT
NRCE INC
HERITAGE
RF TECHNOLOGIES IN
FUSION CLOUD SERVICES LLC
PARTS TOWN LLC
NORTH HILLS OWNER LLC
HM ELECTRONICS INC
RINNAI AMERICA CORP
COMPLETE GRAPHICS INC
JORDAN ELECTRIC CO INC
SOUTHERN MECHANICAL AIR & REFRIGERATION
VALLEY PROTEINS INC
ADCO CLEANING SERVICES INC
VIVID INK INC
VIDEO SECURITY SOLUTIONS LLC
LOVELACE PLUMBING COMPANY
DOT-IT
CORELL ELECTRICAL CONTRACTORS INC
MONSTERBELLE LLC
TFS LEASING
SNAGAJOB COM INC
JEFFREY H LEAVINS
CHRISTOPHER S LOVETT
SOUTHEAST TOYOTA FINANCE
WELLS FARGO FINANCIAL SERVICES
S&S LAWN SERVICE LLC
MAILSOUTH INC
RED BOOK CONNECT LLP
PARAGON LANDSCAPE SERVICES LLC
TECHNIPAL LLC
X-PRESS SIGNS GRAPHICS
RESTAURANT EQUIPMENT MAINT CO LLC
BLAISING FIRE & WATER INC
ACCOUNTEMPS

CHAR2\2243770v3

ECOLAB PEST ELIMINATION DIV
SOUTHEASTERN PROTECTION SERVICES INC
SHOES FOR CREWS LLC
JONES-MCLEOD INC
GOODWIN RECRUITING LLC
VASILIOS GATSIOS
BHT GREASE TRAP SERVICES INC
ROGER WILLIAM ATCKISON
CLAUDE AND SUSAN S GOLD
VOSTOK    COLD SOLUTIONS
RICHARD JONES
ROBERT L MAESTRI-NC OFFICE
ARTURO LANUZA
ROBERT OHARA
NOVANT HEALTH
THE KULLMAN FIRM
BARCO UNIFORMS INC
WLODZIMIERZ JAN SZPIKOWSKI
NUARX INC
NADG NNN SDI VIC GA LLP
JOE MACIONE JR
STAFFORD-SMITH INC
CARL RAY LECROIX II
DANIEL M GERNANZ
MINACAKE
GREER WALKER LLP
MICHAEL E HAUPT
ADVANTAGE II
MUSCOGEE COUNTY
P AND M HOLDING GROUP LLP
HUNTER MECHANICAL LLC
NUCO2
SERVICE PROPERTIES TRUST CORP
HAGAR RESTAURANT SERVICE INC
MOORE & VAN ALLEN PLLC
DAVID JOE PHILLIPS
SPIRIT REALTY LLP
RPSC GREENWOOD RETAIL LLP
IPFS CORPORATION
CHENEY BROTHERS INC
BIMBO BAKERIES USA
PRITCHARD AND JERDEN
LOOMIS
BLUE CROSS BLUE SHIELD
NATIONAL RETAIL PROPERTIES INC
REINHART FOODSERVICE LLC
US FOODS INC
MERCHANTS FOOD SERVICES
SONIC INDUSTRIES INC
CITY OF JOHNSON CITY
CITY OF KNOXVILLE
MUSCOGEE COUNTY
TOWN OF MARION
TREASURER CITY OF ROANOKE
AMERICAN LOCK & KEY INC
ASHTON BRITT SERVICE COMPANY INC
AVR CPC ASSOCIATES

CHAR2\2243770v3

ECOLAB PEST ELIMINATION DIV
HUNTSVILLE UTILITIES
LIGHTHOUSE SUPPLY COMPANY INC
MCPL UTILITIES BOARD OF ALBERTVILLE
NORTH ALABAMA GLASS CO INC
PDS INC
REDI-FIX REPAIR
REPUBLIC SERVICES #633
ROANOKE GAS COMPANY
TYCO FIRE AND SECURITY US MANAGEMENT INC
VALLEY PROTEINS INC

### SD Restaurant Group Creditors

AIRGAS NATIONAL CARBONATION
ARAMARK UNIFORM AND CAREER APPAREL GROUP INC
B&B EXTREME CLEANING
BLUE CROSS BLUE SHIELD
CORNERSTONE IMPRESSIONS LLC
COZZINI BROS INC
DAC SERVICES INC
DAYMARK SAFETY SYSTEMS
DOT-IT
DUKE ENERGY-70516
ECOLAB INC
FOSTER CAVINESS COMPANY INC
FUZZYS TACO OPPORTUNITIES LLC
HOTEL & RESTAURANT SUPPLY
IA MATTHEWS SYCAMORE LLC DEPT 44581
METLIFE GROUP BENEFITS-DENTAL
NCR LOCAL DFW
P AND M HOLDING GROUP LLP
PB PARENT LLP
PERFORMANCE FOOD SERVICE
PETER PIPERS INC
RENTOKIL NORTH AMERICA INC
SHOES FOR CREWS INC
SNAGAJOB COM INC
SONITROL SECURITY-CHARLOTTE
SQUEEGEE PROS INC
SSDC
THE OLDE MECKLENBURG BREWERY
TWC SERVICES INC
US FOODS INC
VALLEY PROTEINS INC
WHALEY FOODSERVICE

### RTHT Creditors

BUNCOMBE COUNTY TAX COLLECTIONS
IREDELL COUNTY TAX COLLECTOR-PROP TAX
MECKLEMBURG COUNTY TAX COLLECTOR-PROP TAX
WAKE COUNTY REVENUE DEPT
AIRGAS INC

CHAR2\2243770v3

AIRGAS NATIONAL CARBONATION
AMS CONTRACTORS INC
ANDERSON LAWN CARE LLC
ARAMARK UNIFORM AND CAREER APPAREL GROUP INC
B&B EXTREME CLEANING
BEREWICK PROPERTY PARTNERS LLC
BLUE CROSS BLUE SHIELD
CINTAS CORPORATION
COMMON HEART
COZZINI BROS INC
DAVID HECK
DAVID KENNEDY
DAYMARK SAFETY SYSTEMS
DUKE ENERGY-70516
EDWARD DON AND CO HOLDINGS LLC
FOOD BANK OF CENTRAL AND EASTERN NC
FOSTER CAVINESS COMPANY INC
GOODWIN RECRUITING LLC
GREEN LEVEL HIGH SCHOOL
GREER WALKER LLP
GSM SERVICES INC
HALPERN OGDEN LLC
IVT CREEDMOOR RALEIGH LLC
JEFFREYS GROVE ELEMENTARY SCHOOL
LAKE NORMAN HIGH SCHOOL FBLA
M3 MESSENGER
MANNA FOOD BANK
MAPP ENTERPRISE INC
MOD PIZZA
NU ORDER TECHNOLOGIES LLP
P AND M HOLDING GROUP LLP
PB PARENT LLP
PERFORMANCE FOOD SERVICE
PHD@SKIBO II LLC
PITTSBURGH POS
PORT CITY THUNDER
RED TRUCK MEDIA INC
RENTOKIL NORTH AMERICA INC
RMS LLC
SMITH AND GREENE COMPANY INC
SONITROL SECURITY SYSTEMS OF THE TRIANGLE
SONITROL SECURITY-CHARLOTTE
SSDC
STM COMMUNICATIONS INC
TAYLOR ENTERPRISES OF VA LLC
THE OLDE MECKLENBURG BREWERY
THE WALLACE INDIAN LAND LLC
TRUSTWAVE HOLDINGS INC
UNIVERSAL ATLANTIC SYSTEMS INC
WIND RIVER ENVIRONMENTAL LLC
WINDSTREAM 9001013

CHAR2\2243770v3

## **SCHEDULE 2**

### **Ongoing Current Unrelated Representations of Potential Parties in Interest**

CK Rivergate Expansion, LLC
IA Matthews Sycamore LLC
The Wallace Indian Land LLC
Carlisle Food Service
Coca-Cola Consolidated
Wind River Environmental
Lowe's Companies, Inc.
Wells Fargo Financial Services
Northwood Investors
Barings LLC
CRE, LLC

## SCHEDULE 3

**Former Unrelated Representations of Potential Parties in Interest
(all of which have ceased as of February 2020)**

Atmos Energy Corporation
Greer & Walker, LLP
IPFS d/b/a Imperial Credit Corp
Spire Flexpack, Inc.
The Olde Mecklenburg Brewery
Yaron Goldman
Triad Southern Deli
Duke Energy

## SCHEDULE 4

**Invoices Paid Within 90 Days of Petition Date**

| INVOICE DATE | INVOICE AMOUNT | PAYMENT DATE | PAYMENT AMOUNT | PAYMENT SOURCE |
|---|---|---|---|---|
| 2/7/2020 | $245,000.00 | 2/7/2020 | $245,000.00 | Retainers |

31

## <u>SCHEDULE 5</u>

**Payments to and Disbursements from
Trust Account for MVA as Retainers and Fee Applications
in 90 Days of Petition Date**

**Bankruptcy Representation**

| Date | Description | Deposit | Disbursement | Trust Account Balance |
|---|---|---|---|---|
| 1/9/2020 | Wire from Debtors | $5,000 | | $5,000.00 |
| 1/10/2020 | Wire from Debtors | $10,000.00 | | $15,000.00 |
| 1/16/2020 | Wire from Debtors | $10,000.00 | | $25,000.00 |
| 1/22/2020 | Wire from Debtors | $10,000.00 | | $35,000.00 |
| 1/23/2020 | Wire from Debtors | $10,000.00 | | $45,000.00 |
| 1/30/2020 | Wire from Debtors | $50,000.00 | | $95,000.00 |
| 2/6/2020 | Sonic earmarked funds | $150,000.00 | | $245,000.00 |
| 2/7/2020 | Payment on Invoice prior to filing of petitions | | $245,000.00 | $0 |

**Fee Transactions**

| Date | Description | Deposit | Disbursement | Trust Account Balance |
|---|---|---|---|---|
| 2/7/2020 | Wire from Debtors for filing fees | $8,585.00 | | $8,585.00 |
| 2/7/2020 | Filing Fee | | $8,585.00 | $0 |