**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No.: 20-30149** |
| **SD-CHARLOTTE, LLC,** *it al.*,[1] ) | **Chapter 11 (Jointly Administered)** |
| ) | |
| ) | |
| **Debtors.** ) | |

*EX PARTE* **APPLICATION OF THE DEBTORS FOR AN ORDER
AUTHORIZING IT TO RETAIN AND EMPLOY JD THOMPSON LAW
AS SPECIAL CONFLICTS COUNSEL AS OF FEBRUARY 7, 2020**

The Debtors in the above-captioned Chapter 11 bankruptcy cases (the "Debtors"), hereby submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of the law firm of JD Thompson Law ("JDT Law") as Special Conflicts Counsel to the Debtor, pursuant to section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"), and consistent with the Guidelines for Compensation and Expense Reimbursement of Professionals issued by this Court (the "Compensation Guidelines"). In support of this Application, the Debtor submits the declaration of Linda W. Simpson (the "Simpson Declaration"), attached hereto as Exhibit B. In further support of this Application, the Debtor states as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

CHAR2\2248066v1

## JURISDICTION AND BASIS FOR RELIEF

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought are Bankruptcy Code Section 327(a), Bankruptcy Rule 2014, and Local Rules 2014-1, 2016-1, and 9013-1(f)(8).

## BACKGROUND

3. On February 7, 2020 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of title 11 of the Bankruptcy Code.

4. The Debtors continue to control their businesses and manage their property as Debtors-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

## RELIEF REQUESTED

5. By this Application, the Debtors seek to employ JDT Law as of February 7, 2020 to represent the Debtors in these Chapter 11 Cases as Special Conflicts Counsel. The Debtors believe Special Conflicts Counsel is necessary because Moore & VanAllen, the Debtors' Bankruptcy Counsel, has a large real estate practice which may cause conflicts with respect to leases and other real estate transactions. Accordingly, the Debtors respectfully request entry of an order pursuant to Bankruptcy Code Sections 327(a) and Local Rules 2014-1, 2016-1, and 9013-1(f)(8), in substantially the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain JDT Law as their Special Conflicts Counsel in these Chapter 11 Cases.

## QUALIFICATIONS OF JDT LAW

6. The Debtors seek to retain JDT Law as Special Conflicts Counsel because of JDT Law's extensive experience, knowledge, and expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and their familiarity with this Court and the practice before it. JDT Law has the ability to respond quickly to emergency hearings and other emergency matters in this Court due to its proximity to the Court. Furthermore, JDT Law's appearance before this Court for certain miscellaneous applications, motions, and other matters in these chapter 11 cases will be more efficient and cost effective for the estates in these cases.

7. The attorneys in JDT Law are duly admitted to practice in the Bankruptcy Court for the Western District of North Carolina.

## SERVICES TO BE PROVIDED

8. The professional services that JDT Law are to render as Special Conflicts Counsel include, without limitation, assisting and advising the Debtors relative to matters in which the Debtors' Bankruptcy Counsel has an actual or perceived conflict of interest.

9. JDT Law will work under the direction of the Debtors-in-Possession and will cooperate with and coordinate services with the Debtors' Bankruptcy Counsel, providing independent advice to the Debtors. JDT Law is committed to minimizing duplication of services and costs.

## REPRESENTATONS REGARDING CONFLICTS

10. Based upon the Simpson Declaration on behalf of JDT Law (the "Declaration") attached hereto as Exhibit B, except as disclosed therein, it does not appear to the Debtors that JDT Law has had or presently has any connection with the Debtors, any of the Debtors' creditors, or

any other party in interest in these Cases, or their respective attorneys. Because the Debtors have not yet filed their bankruptcy schedules and statements, JDT Law reserves the right to amend, modify or supplement the Application and/or the Declaration.

11. Neither JDT Law nor any of its members hold any equity interest in the Debtors.

12. Based on the foregoing and having reviewed the Declaration, the Debtors do not believe that JDT Law and/or any member or associate thereof represents any interest adverse to Debtors, and that their employment would be to the best interest of these estates.

13. The Debtors believe that JDT Law and its members are "disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code and applicable Bankruptcy Rules.

## COMPENSATION FOR REPRESENTATION

19. JDT Law has advised the Debtors that they intend to apply for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code Sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, the Compensation Guidelines issued by this Court, and any other applicable procedures and orders of the Court. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Guidelines issued by this Court, the Debtors request that JDT Law be compensated on an hourly basis, plus reimbursement of expenses as set forth herein, in accordance with the rates in effect on the date the services are rendered.

20. It is anticipated that the primary attorney who will represent the Debtors as Special Conflicts Counsel is Linda Simpson whose hourly rate is $500.

21. It is the policy of JDT Law to assess a flat rate administrative expense charge of $10 per hour for each reported hour worked in lieu of tracking and charging traditional smaller

pass through expenses such as long-distance telephone charges, photocopying, postage, facsimile and other typical administrative expenses and electronic research costs. Extraordinary disbursements made to third parties such as special postage for mass mailings, third-party delivery charges, travel, bulk copying jobs performed by third-parties, filing fees, witness fees and other advanced expenses will be itemized and passed on to the Debtors on the invoice. JDT Law has informed the Debtors that their hourly rates are subject to periodic adjustment in accordance with established billing practices and procedures.

22.     Section 327(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 327(a). The Debtors believe that the hourly rates and expense policies of JDT Law, which are applied to other firm clients, constitute fair and reasonable terms and conditions for the retention by the Debtors of JDT Law as Special Conflicts Counsel in accordance with Bankruptcy Code Section 327(a).

23.     The Debtors request that JDT Law be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

## NOTICE

24.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors seek approval of this Application on an *ex parte* basis. In accordance with the *Order Establishing Notice Procedures* [Docket No. 47] the Debtors have served a copy of this Application on the "Master Service List" described in that Order and attached hereto as Exhibit C. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

25. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that an Order be entered authorizing it to employ JD Thompson Law to represent it as Special Conflicts Counsel in these Cases, effective as of February 7, 2020, and providing the Debtors such other and further relief as the Court may deem just and proper.

Dated: February 13, 2020

**SD-Charlotte, LLC**
**RTHT Investments, LLC**
**SD Restaurant Group, LLC**
**SD-Missouri, LLC**
**Southern Deli Holdings, LLC**

Chapter 11 Debtors and Debtors-in-Possession

/s/ __Matthew Smith_____

Name: Matthew Smith
Title: Independent Director

/s/ ___Brian Rosenthal_____

Name: Brian Rosenthal
Title: Chief Restructuring Officer

# EXHIBIT A

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No.: 20-30149** |
| **SD-CHARLOTTE, LLC, *it al.*,[2]** | ) **Chapter 11 (Jointly Administered)** |
| | ) |
| | ) |
| **Debtors.** | ) |

**[PROPOSED] ORDER APPROVING THE EMPLOYMENT OF
JD THOMPSON LAW AS SPECIAL CONFLICTS COUNSEL**

Upon the application (the "Application")[3] of the Debtors for entry of an order (this "Order") authorizing the retention and employment of the law firm of JD Thompson Law ("JDT Law") as their Special Conflicts Counsel in connection with the above-captioned chapter 11 cases (the "Debtors"); it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the Simpson Declaration (the "Declaration"); and this Court being satisfied based on the representations made in the Application, and the Declaration that (a) JDT Law is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) JDT Law does not represent any person or entity having an interest

---

[2] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).
[3] Capitalized terms used herein and not otherwise defined shall has the meanings ascribed to them in the Application.

CHAR2\2248066v1

adverse to the Debtors in connection with these chapter 11 cases, (c) JDT Law does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which JDT Law is employed, (d) JDT Law has no connection to the Debtors, their creditors or any other party in interest except as disclosed in the Declaration and (e) the retention and employment of JDT Law as Special Counsel to the Debtors, is reasonable, necessary and appropriate and is in the best interests of the Debtors; and this Court having found that notice of the Application was sufficient under the circumstances, and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain JDT Law as their Special Conflicts Counsel in the above-captioned chapter 11 cases on the terms and conditions set forth in the Application and the Declaration.

3. JDT Law is authorized to render the professional services set forth in the Application.

4. JDT Law shall use reasonable efforts to avoid any duplication of services provided by the Debtors' other retained professionals in these chapter 11 cases.

5. This Order shall be immediately effective and enforceable upon its entry.

6. Pursuant to Local Bankruptcy Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within 14 days of service of this Order.

CHAR2\2248066v1

7. The Debtors and JDT Law are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. To the extent the Application or the Declaration are inconsistent with the terms of this Order, the terms of this Order shall govern.

9. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court Western District of North Carolina |

CHAR2\2248066v1

# EXHIBIT B

## DECLARATION OF LINDA W. SIMPSON

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: | ) |
| | ) **Case No.: 20-30149** |
| **SD-CHARLOTTE, LLC**, *it al.*,[4] | ) **Chapter 11 (Jointly Administered)** |
| | ) |
| | ) |
| **Debtors.** | ) |

## DECLARATION OF LINDA W. SIMPSON IN SUPPORT OF THE APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY JD THOMPSON LAW AS SPECIAL CONFLICTS COUNSEL

Linda W. Simpson, hereby makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am a member of the firm of JD Thompson Law ("JDT Law" or the "Firm") and have been duly admitted to practice in the State of North Carolina and the United States District Court for the Western District of North Carolina. This Declaration is submitted in support of the Ex Parte Application of the Debtors in the above-captioned cases for an Order Authorizing it to Retain and Employ JD Thompson Law as Special Conflicts Counsel as of February 7, 2020 (the "Application"), in compliance with and to provide disclosure pursuant to sections 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon JDT Law's completion

---

[4] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

of further analysis, or as additional creditor information becomes available to it, a supplemental to this Declaration will be submitted to the Court.

2. JDT Law is well qualified to serve as Special Conflicts Counsel to the Debtors in these chapter 11 cases. The attorneys of JDT Law have extensive experience, knowledge, and expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and great familiarity with this Court and the practice before it.

3. JDT Law will provide advice to the Debtors consistent with its role as Special Conflicts Counsel and any order issued by the Bankruptcy Court and provide services related thereto.

4. JDT Law will coordinate its work in these chapter 11 cases with other professionals retained by the Debtors to avoid duplication of work.

5. Neither I, the Firm, nor any members, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned Debtors, their creditors, or any other parties in interest herein other than that disclosed in the preceding paragraph.

6. JDT Law undertook to determine whether it had any contacts or relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors' estates with respect to the matters on which it will be engaged. JDT Law has reviewed the names of the individuals and entities that may be parties in interest in these chapter 11 cases and such parties are listed on **Schedule 1** attached hereto (the "Potential Party List"). JDT Law does not represent any of the Debtors' current officers or directors. JDT Law has no connection with the Debtors, their attorneys, their creditors, or any other parties in interest, the Bankruptcy Administrator, any person employed by the Office of the Bankruptcy Administrator, or any

Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Western District of North Carolina.

7. To the best of my knowledge JDT Law is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its members, counsel, and associates:

(a) are not creditors, equity security holders, or insiders of the Debtors;

(b) are not and were not investment bankers for any outstanding security of the Debtors;

(c) are not and have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

(d) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

8. JDT Law will submit applications to the Court for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code Sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, the Compensation Guidelines issued by this Court, and any other applicable procedures and orders of the Court.

7. JDT Law's hourly rates are as follows:

Judy Thompson - $600.00;
Linda Simpson - $500.00;
Paralegal support - $205.00.

8. The hourly rates referenced above are subject to periodic adjustments to reflect economic and other conditions. JDT Law will advise the Debtors, the Committee, if one exists, and the Office of the Bankruptcy Administrator of any increases in its hourly rates.

9. The referenced hourly rates are the Firm's regular hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals. It is JDT Law's policy to include a flat rate administrative expense charge of $10 per hour for each reported hour worked in lieu of tracking and charging traditional smaller pass through expenses such as long-distance telephone charges, photocopying, postage, facsimile and other typical administrative expenses and electronic research costs. Extraordinary disbursements made to third parties such as special postage for mass mailings, third-party delivery charges, travel, bulk copying jobs performed by third-parties, filing fees, witness fees and other advanced expenses will be itemized and passed on to the Debtors on the invoice. The Firm has found that the use of this flat rate allows the firm to pass on the savings of economies of scale it can take advantage of, thereby reducing the overall cost to the estate, and assess expenses more immediately keeping expenses more proportional to the bill.

10. The fees and expense reimbursement provisions described above are consistent with normal and customary billing practices for cases of this size and complexity that require the level and scope of services outlined. JDT Law also believes that the foregoing compensation arrangements are both reasonable and at or below market.

11. No promises have been received by the Firm or by any member, counsel or associate thereof as to compensation in connection with these Cases, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

CHAR2\2248066v1

Dated: February 13, 2020

/s/ Linda W. Simpson

Linda W. Simpson

CHAR2\2248066v1

# EXHIBIT C

## MASTER SERVICE LIST
*Order Establishing Notice Procedures* (2/7/2020)

(i) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina;

(ii) Debtors and counsel to Debtors;

(iii) the 30 holders of the largest unsecured claims against the Debtors;

(iv) counsel for the committee of general unsecured creditors appointed in these Chapter 11 Cases, if any (the "Creditors' Committee");

(v) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List Parties");

(vi) counsel to the Prepetition Secured Lender; counsel to the DIP Lender; counsel to the MCA Parties, if known;

(vii) Securities & Exchange Commission, Attn: Office of Reorganization, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30326; and

(viii) U.S. Department of the Treasury by service upon the Internal Revenue Service, Attn: Centralized Insolvency Operation, 2970 Market St., Philadelphia, PA 19104.

**SCHEDULE 1**

**LIST OF INTERESTED PARTIES**

Clients

SD-Charlotte, LLC
SD-Missouri, LLC
SD-Restaurant Group, LLC
Southern Deli Holdings, LLC
RTHT Investments, LLC

Affiliates/Related to Clients

Sonic Drive In
Fuzzy's Taco Shop
Mod Pizza

Landlords/Property Managers

FTS Berewick, LLC
IA Matthews Sycamore, L.L.C.
RFR, LLC
Cary Development Partners, LLC
521 Partners, LLC
PHD @ Skibo II, LLC
M&M of Berewick, LLC
The Wallace Indian Land LLC
GB Amberly Place, LLC
New Mountain, LLC
Matthews Festival, LP
Glenwood Brawley Company, L.L.C.
CK Rivergate Expansion LLC
NWWP LP
Heritage Outparcels, LLC
SDI of Pigeon Forge, LLC
SD Real Estate Holdings LLC
Boom Holdings, LLC
Spirit Master Funding, LLC
Wlodzimierz Szpikowski and Elizabeth Szpikowski
1319 State Street Owner LLC
1810 Wynnton Road LLC
Joe Macione, Jr. and Annette P. Macione
NADG NNN SDI-VIC (GA) LP
NADG NNN SDI-Whit (GA) LP
Roger and Rebecca Atckinson Family Trust
Michael E. Haupt as Trustee under the Haupt Family Trust Dated July 16, 1997

Vasilios Gatsios and Eleni Gatsios, Trustee of the Gatsios Living Trust Dated November 14, 2011
Pilar's, L.L.C.
National Retail Properties, L.P.
Aston Properties
Lincoln Harris
York Development Group, LLC
Southern Real Estate
Ziff Properties, Inc.
Childress Klein Properties
Northwood Investors LLC
Lat Purser & Associates

CHAR2\2248066v1