**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 (Jointly Administered) |
| | ) | |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**MOTION OF THE DEBTORS FOR AN ORDER**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby file this motion (the "Motion") for entry of an order substantially in the form attached hereto (the "Proposed Order"), pursuant to section 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended or modified, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"), establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals and official committee members.  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Motion in the Court is proper under 28 U.S.C. § 1408.

2.      The bases for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## BACKGROUND

3.      On February 7, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No request for the appointment of a trustee, examiner, or creditors' committee has been made in these chapter 11 cases (the "Chapter 11 Cases").

5.      Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in detail in the *Declaration of Brian Rosenthal in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 12] (the "First Day Declaration").  Any capitalized terms not defined herein shall have the meaning attributed to them in the First Day Declaration.

## RELIEF REQUESTED

6.      Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules) and Rule 2016-1 of the Local Bankruptcy Rules, the Debtors hereby seek the entry of an order, substantially in the form attached hereto as Exhibit A, establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by this

Court pursuant to sections 327 or 1103 of the Bankruptcy Code (the "Retained Professionals")

on a monthly basis, on terms comparable to the procedures established in other large chapter 11

cases.

**THE PROPOSED COMPENSATION PROCEDURES**

    7.    The Debtors propose that the payment of compensation and reimbursement of

expenses of Retained Professionals be governed by the following procedures (the

"Compensation Procedures"):

(a) Each Retained Professional seeking monthly compensation must submit a monthly fee statement (a "Monthly Fee Statement"), which submission may be via hand delivery, overnight courier, first class mail or e-mail, so as to be received no later than 20 days after the end of the month for which the fees are sought, to the following parties (collectively, the "Notice Parties"):

    (i)    SD-Charlotte, LLC et al., c/o Brian Rosenthal, MERU, 1372 Peachtree St. Atlanta, GA 30309 (brian@wearemeru.com)

    (ii)    counsel to the Debtors, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Hillary Crabtree) (hillarycrabtree@mvalaw.com);

    (iii)    the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator"), 402 West Trade Street, Suite 200, Charlotte, North Carolina 28202 (Attn: Shelley K. Abel, shelley_abel@ncwba.uscourts.gov);

    (iv)    counsel to the unsecured creditors' committee, if one is appointed in these Chapter 11 Cases;

    (v)    counsel to the DIP Lender, Attn: Daniel Simon, DLA Piper LLP (US) One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, Georgia 30309-3450 (daniel.simon@dlapiper.com); and

    (vi)    counsel to the Prepetition Secured Lender, c/o Jennifer L. Silvestro, Esq., Lazer, Aptheker, Rosella & Yedid, P.C, 225 Old Country Road, Melville, NY 11747 (silvestro@larypc.com) and

    (vii)    any other parties that the Court may designate.

(b) Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rule 2016-1, shall include (i) a monthly invoice with

fee and expense detail that describes the fees and expenses incurred by such Retained Professional in accordance with the *Guidelines for Compensation and Expense Reimbursement of Retained Professionals* promulgated by the Court (the "Compensation Guidelines") and (ii) any additional information required by the Compensation Guidelines.

(c) Time spent traveling without actively working on these Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

(d) Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

(e) All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and applicable law.

(f) Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Debtor will be authorized to pay each Retained Professional an amount (the "Authorized Payment") equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "Maximum Payment") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraph 10(g) below.

(g) If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "Objection") so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Retained Professional. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any

4

Interim Fee Application (as defined below) subsequently filed by a Retained Professional.

(h) The first Monthly Fee Applications may be submitted by each of the Retained Professionals the later of March 20, 2020 or 14 days after the entry of an order approving this Motion and shall cover the period from the Petition Date through February 29, 2020.

(i) Commencing with the four-month period ending May 31, 2020, and at four-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. Retained Professionals also will file a notice of opportunity for hearing in accordance with Local Bankruptcy Rule 9013-1(e)(7), which shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice.

(j) Interim Fee Applications must be filed on or before the 20th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must include a basic summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Rules, the Local Bankruptcy Rules and the Compensation Guidelines. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and applicable law.

(k) The first Interim Fee Application must be filed on or before June 20, 202 for the Interim Fee Period from February 7, 2020 through May 31, 2020. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon the affected Retained Professional and the Notice Parties so as to be received on or before the 14th day (or the next business day if such day is not a business day) following the filing and service of the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to

promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

(l) The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

(m) There will be no penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

(n) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

8.      Debtors further request that the Court limit the notice of hearings to consider interim and final compensation applications to the Notice Parties and, without duplication, those person who have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (the "2002 Service List"). Such notice shall be sufficient under the circumstances and will save Debtors' estates and other parties the expense of undue duplication and mailing.

## BASIS FOR RELIEF REQUESTED

9.      Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits. Fed. R. Bankr. P. 2016(a). Section 331 of the Bankruptcy Code provides, in relevant part:

> A trustee, and examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once

every 120 days after an order for relief in a case under this title, or more often if the Court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as provided under section 330 of this title...

11 U.S.C. § 331.

10.    Bankruptcy Rule 2016(a) provides that a professional seeking interim compensation and reimbursement of expenses must file an application setting forth, among other things, "a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

11.    Section 105(a) of the Bankruptcy Code provides in relevant part:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title ... shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules...

11 U.S.C. § 105(a).

11.    Courts regularly have entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. Establishing procedures for monthly compensation ensures that professionals are not forced to fund a reorganization case. See In re Int'l Horizons, Inc., 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (providing for "reasonable interim compensation" for professionals of the debtor to avoid requiring professionals to "fund [the] reorganization proceeding"). Appropriate factors to consider in deciding whether to establish procedures for monthly interim compensation include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the [professionals of] the debtors in providing services necessary to achieve a successful reorganization of the debtors." Id.

13.     The Debtors submit that the Compensation Procedures sought herein are appropriate considering the above factors. These Chapter 11 Cases are a large and complex case that requires significant investment of time and resources by the Retained Professionals. Establishing an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for Retained Professionals will prevent such professionals from bearing the unjust burden of funding these Chapter 11 Cases, and will enable the Debtors to closely monitor the costs of administration and establish consistent procedures to pay such costs. Further, the Compensation Procedures will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the professional fees incurred in these Chapter 11 Cases.

14.     The proposed Compensation Procedures are substantially similar to those approved in other large chapter 11 cases in this District. See, e.g., In re DBMP LLC, Case No 20-30080 (Bankr. W.D.N.C. Feb 13, 2020); In re Bestwall LLC, Case No. 17-31795 (Bank. W.D.N.C.  Dec 7, 2017); In re Kaiser Gypsum Co., Inc., Case No. 16-31602 (JCW) (Bankr. W.D.N.C. Nov. 7, 2016); In re Garlock Sealing Techs., LLC, Case No. 10-31607 (GRH) (Bankr. W.D.N.C. July 15, 2010); In re Hendricks Furniture Grp., LLC, Case No. 09-50790 (JCW) (Bankr. W.D.N.C. July 16, 2009); In re Northampton Generating Company, L.P., Case No. 11-33095 (Bankr. W.D.N.C. 2012).

## NOTICE

12.     Debtors have served notice of the Motion on: (i) the 40 holders of the largest general unsecured claims against Debtors; (ii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (iii) counsel for the Prepetition Secured Lender; (iv) counsel for the DIP Lender, (v) counsel for the MCA Parties, if known;

(vi) the Securities and Exchange Commission; (vii) the U.S. Department of Treasury; and (viii) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and submits that, given the nature of the relief requested, no other or further notice need be given.  No previous application for the relief requested herein has been made by Debtors to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached hereto (i) establishing the Compensation Procedures and (ii) granting such other and further relief as the Court deems appropriate.

Dated: February 13, 2020

**MOORE & VAN ALLEN PLLC**

/s/ Hillary B. Crabtree
Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Gabriel Mathless (NC Bar 48857)
Joanne Wu (NC Bar 55044)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:   zacharysmith@mvalaw.com
Email:   hillarycrabtree@mvalaw.com
Email:   jimlangdon@mvalaw.com
Email:   gabemathless@mvalaw.com
Email:   joannewu@mvalaw.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*

## EXHIBIT A

## PROPOSED ORDER

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SD-Charlotte, LLC, *et al.*,[2] | ) | Case No. 20-30149 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
### AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

This matter coming before the Court on the Motion of the Debtors for an Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained

Professionals (the "Motion"),[3] filed by the debtor and debtor in possession in the above-

captioned case (the "Debtor"); the Court having reviewed the Motion and having considered the

statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing");

the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and the Hearing was

---

[2] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

[3] Capitalized Terms not otherwise defined herein have the meanings given to them in the Motion,

sufficient under the circumstances and (e) the Compensation Procedures set forth below are reasonable and appropriate for these Chapter 11 Cases; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in the Chapter 11 Case (collectively, the "Retained Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) Each Retained Professional seeking monthly compensation must submit a monthly fee statement (a "Monthly Fee Statement"), which submission may be via hand delivery, overnight courier, first class mail or e-mail, so as to be received no later than 20 days after the end of the month for which the fees are sought, to the following parties (collectively, the "Notice Parties"):

  (i)     SD-Charlotte, LLC et al., c/o Brian Rosenthal, MERU, 1372 Peachtree St. Atlanta, GA 30309 (brian@wearemeru.com)

  (ii)    counsel to the Debtors, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202 (Attn: Hillary Crabtree) (hillarycrabtree@mvalaw.com);

  (iii)   the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator"), 402 West Trade Street, Suite 200, Charlotte, North Carolina 28202 (Attn: Shelley K. Abel, shelley_abel@ncwba.uscourts.gov);

  (iv)    counsel to the unsecured creditors' committee, if one is appointed in these Chapter 11 Cases;

  (v)     counsel to the DIP Lender, Attn: Daniel Simon, DLA Piper LLP (US) One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, Georgia 30309-3450 (daniel.simon@dlapiper.com); and

(vi)     counsel to the Prepetition Secured Lender, c/o Jennifer L. Silvestro, Esq., Lazer, Aptheker, Rosella & Yedid, P.C,  225 Old Country Road, Melville, NY  11747 (silvestro@larypc.com); and

(vii)    any other parties that the Court may designate.

(b)  Unless otherwise provided in the order authorizing the Retained Professional's retention, each Retained Professional's Monthly Fee Statement, in accordance with Local Bankruptcy Rule 2016-1, shall include (i) a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Retained Professional in accordance with the *Guidelines for Compensation and Expense Reimbursement of Retained Professionals* promulgated by the Court (the "Compensation Guidelines") and (ii) any additional information required by the Compensation Guidelines.

(c)  Time spent traveling without actively working on these Chapter 11 Case shall be billed at 50% of the professional's normal hourly rate.

(d)  Any Retained Professional who fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

(e)  All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and applicable law.

(f)  Each Notice Party will have 14 days after service of a Monthly Fee Statement to object to such statement (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the Debtor will be authorized to pay each Retained Professional an amount (the "Authorized Payment") equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the Monthly Fee Statement (the "Maximum Payment") and (ii) the aggregate amount of fees and expenses not subject to an unresolved objection pursuant to paragraph 10(g) below.

(g)  If any Notice Party objects to a Retained Professional's Monthly Fee Statement, it must serve on the affected Retained Professional and each of the other Notice Parties a written objection (the "Objection") so that it is received on or before the Objection Deadline. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, or such later date as may be agreed upon by the objecting Notice Party and the affected Retained Professional, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the

difference, if any, between the Maximum Payment and the Authorized Payment made to the affected Retained Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Retained Professional. Failure by a Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that Notice Party's right to object to any Interim Fee Application (as defined below) subsequently filed by a Retained Professional.

(h) The first Monthly Fee Applications may be submitted by each of the Retained Professionals the later of March 20, 2020 or 14 days after the entry of an order approving this Motion and shall cover the period from the Petition Date through February 29, 2020.

(i) Commencing with the four-month period ending May 31, 2020, and at four-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals will file with the Court and serve on the Notice Parties an application pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Retained Professional in its Monthly Fee Statements for the applicable Interim Fee Period, including: (i) any revisions to the fee detail previously submitted with a Monthly Fee Statement; (ii) any consensual resolution of an Objection to one or more Monthly Fee Statements; and (iii) any difference between any amounts owed to the Retained Professional and the Authorized Payments made with respect to the Interim Fee Period. Retained Professionals also will file a notice of opportunity for hearing in accordance with Local Bankruptcy Rule 9013-1(e)(7), which shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice.

(j) Interim Fee Applications must be filed on or before the 20th day after the end of the Interim Fee Period for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must include a basic summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Rules, the Local Bankruptcy Rules and the Compensation Guidelines. A Retained Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and applicable law.

(k) The first Interim Fee Application must be filed on or before June 20, 202 for the Interim Fee Period from February 7, 2020 through May 31, 2020. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon the affected Retained Professional and

the Notice Parties so as to be received on or before the 14th day (or the next business day if such day is not a business day) following the filing and service of the Interim Fee Application, which service may be via e-mail, hand delivery, overnight courier or first class mail. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Retained Professional all requested fees and expenses not previously paid (including any Incremental Amount).

(l) The pendency of an Objection or Additional Objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless the Court orders otherwise.

(m) There will be no penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

(n) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Statement or an Additional Objection to any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Retained Professionals.

3.      Notice given in accordance with the Compensation Procedures is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

4.      Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

15

5.     The Court shall retain jurisdiction to hear and determine all matters arising from

or relating to the implementation of this Order.

This Order has been signed electronically.                          United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

_____

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SD-Charlotte, LLC, *et al.*,[4] | ) | Case No. 20-30149 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| _____) | | |

**NOTICE OF HEARING**

NOTICE IS HEREBY GIVEN that SD-Charlotte, LLC, et al., have filed the Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion").

If a copy of the Motion is not included with this Notice, a copy of each may be viewed at the Court's website, *www.ncwb.uscourts.gov* under the Debtors' names and case number or you may request in writing a copy from the undersigned party.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTIONS, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTIONS, THEN ON OR BEFORE FRIDAY, FEBRUARY 28, 2020 AT 4:00 P.M. EDT YOU MUST:**

(1)     File with the Bankruptcy Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:

Clerk, United States Bankruptcy Court
For the Western District of North Carolina
401 West Trade Street
Room 111
Charlotte, NC 28202

---

[4] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive it** on or before the date stated above.

If you have your attorney file a written response then the response should be filed with the Bankruptcy Court by electronic means through the Court's website, *www.ncwb.uscourts.gov,* under the name and case number shown above.

(2)    You must also serve a copy of such request to the parties shown below and any other parties as required by law or orders of the Court on or before the date described above:

> U.S. Bankruptcy Administrator Office
> 402 W. Trade Street
> Suite 200
> Charlotte, NC 28202-1669
>
> Hillary B. Crabtree
> Moore & Van Allen PLLC
> 100 North Tryon Street, Suite 4700
> Charlotte, NC 28202

(3)    **Attend the hearing scheduled for March 4, 2020 at 2:00 p.m. (EDT) at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202, in Courtroom 1-5**. You should attend this hearing if you file an objection.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the

relief sought and may enter an Order granting the relief requested. No further notice of that hearing will

be given.

Dated: February 14, 2020

**MOORE & VAN ALLEN PLLC**

/s/ Hillary Crabtree
Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
Gabriel Mathless (NC Bar 48857)
Joanne Wu (NC Bar 55044)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:    zacharysmith@mvalaw.com
Email:    hillarycrabtree@mvalaw.com
Email:    gabemathless@mvalaw.com
Email:    joannewu@mvalaw.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*