# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# (CHARLOTTE DIVISION)

| | |
|---|---|
| In re: | Case No. 20-30149 |
| | (Jointly Administered) |
| SD Charlotte, LLC, et al. ,[1] | Chapter 11 |
| Debtors. | |

## REINHART FOODSERVICE, L.L.C.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF 503(b)(9) AND POST-PETITION ADMINISTRATIVE CLAIMS

Reinhart Foodservice, L.L.C. ("Reinhart"), by its undersigned attorneys and for its Motion for Allowance and Immediate Payment of 503(b)(9) and Post-Petition Administrative Claims (the "Motion"), states as follows:

### JURISDICTION AND BACKGROUND

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On February 7, 2019 (the "Petition Date"), SD-Missouri, LLC (the "Debtor") and its related debtor-entities (collectively, the "Debtors") filed a voluntary petition for relief under

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code").

3. As of the date of this Motion, no trustee has been appointed for the Debtors' businesses or properties.

4. Prior to the Petition Date, Reinhart supplied the Debtor with certain goods, in the form of food and food products, at twenty-four (24) separate locations. After the Petition Date, Reinhart continued to supply goods to these locations until the sale of the Debtors' assets closed on April 17, 2020.

5. Several shipments of goods from Reinhart were received by the Debtor within twenty (20) days prior to the Petition Date. In addition, on and after the Petition Date, several shipments were received by the Debtor for which payment has not been made. A summary, including invoice numbers, invoice dates, and value of the goods shipped to the Debtor is attached hereto as **Exhibit A**. As indicated by the section of Exhibit A titled "503(b)(9) Claim," Reinhart is owed $284,345.45 (the "503(b)(9) Claim") for goods received by the Debtor within twenty (20) days prior to the Petition Date.[2]

6. On and after the Petition Date, Reinhart also delivered goods to the Debtor for which it has not been paid. As indicated by the section of Exhibit A titled "Post-Petition Claim," Reinhart is owed collectively $17,308.29 (the "Post-Petition Claim") for goods received by the Debtor on and after the Petition Date.

7. Due to the volume of documents comprising the invoices, proofs of delivery, and other documents supporting the 503(b)(9) Claim and the Post-Petition Claim, copies of all documents

---

[2] Out of an abundance of caution, Reinhart has filed a proof of claim for the amounts comprising the 503(b)(9) Claim, number 185 on the claim agent claims docket. Assuming the court enters a separate order confirming the 503(b)(9) Claim as an allowed administrative claim, Reinhart would be amenable to withdrawing the claim on the proof of claim docket.

supporting the Claim are not included with this Motion. Reinhart can provide copies of such documents on request made to the undersigned.

## ARGUMENT

8. Pursuant to Section 503(b)(9) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

9. The goods Reinhart shipped the Debtor were sold in the ordinary course of the Debtor's businesses, and the Debtor received such goods comprising the 503(b)(9) Claim within 20 days of the Petition Date, as illustrated by Exhibit A. Similarly, the goods comprising the Post-Petition Claim were provided to the Debtor and enabled the Debtor to continue operating its stores.

10. Because the goods were necessary to assist in running the Debtor's businesses, Reinhart has provided a benefit to the estate for which it has not been compensated.

11. Reinhart has an administrative priority claim of $284,345.45 as of the Petition Date for the 503(b)(9) Claim, and an administrative priority claim for goods delivered on and after the Petition Date in the amount of $17,308.29 based on the Post-Petition Claim. Therefore, Reinhart is entitled to an allowed administrative priority claim in the collective amount of $301,653.74 and payment thereof in accordance with the Bankruptcy Code. Given the amount and the nature of the claims, Reinhart requests immediate payment of its administrative claims.

12. Reinhart reserves the right to assert any and all other claims of whatever kind or nature that it has, or it may have, against the Debtor. The filing of this Motion is not a waiver or release of any claims or rights of Reinhart against any other person or entity relating to the shipments, an election of remedies, or a waiver of any past, present, or future defaults. Further, nothing contained

herein is a waiver of any post-petition administrative expense claims that Reinhart has or may have against any of the Debtors that are not identified herein.

WHEREFORE, Reinhart respectfully requests that the Court enter an order allowing its 503(b)(9) Claim and its Post-Petition Claim in full, directing the Debtor to make full payment of the 503(b)(9) Claim and the Post-Petition Claim immediately, or otherwise in accordance with the Bankruptcy Code, and awarding Reinhart such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 19, 2020

BRADLEY ARANT BOULT CUMMINGS LLP
*/s/ Robert A. Cox, Jr.*
Robert A. Cox, Jr. (NC Bar No. 21998)
Anna-Bryce Hobson (NC Bar No. 54260)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6057

*Attorneys for Reinhart Foodservice, L.L.C.*

**KOHNER, MANN & KAILAS, S.C.**
*/s/ Charles Fiergola*
CHARLES FIERGOLA
(WI Bar no. 1099121)
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059
Phone: (414) 962-5110
Fax: (414) 962-8725
Email: cfiergola@kmksc.com

*Attorneys for Reinhart Foodservice, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the **REINHART FOODSERVICE, L.L.C.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF 503(b)(9) AND POST-PETITION ADMINISTRATIVE CLAIMS** was served via the Court's CM/ECF system on all parties receiving notice in the case on May 19, 2020.

*/s/ Robert A. Cox, Jr.*
Robert A. Cox, Jr.