**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*,[1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
| _____ | ) |  |

**NOTICE OF HEARING ON MOTION OF PLAN DEBTORS FOR ENTRY OF AN
ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR
DEBTORS SD-CHARLOTTE, LLC, SD-MISSOURI, LLC, RTHT INVESTMENTS,
LLC, AND SD RESTAURANT GROUP, LLC, JOINT PLAN OF LIQUIDATION
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE; (II) SCHEDULING A
COMBINED DISCLOSURE STATEMENT AND CONFIRMATION HEARING; (III)
APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING
THE FORM OF THE BALLOT, (V) SETTING ADMINISTRATIVE CLAIM BAR DATE
AND (VI) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT** SD-Charlotte, LLC, RTHT Investments, LLC, SD

Restaurant Group, LLC, and SD-Missouri, LLC (collectively, the "Plan Debtors") have filed the

Motion of Plan Debtors for Entry of an Order (I) Conditionally Approving the Disclosure

Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD

_____

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425). Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code; (II) Scheduling a Combined Disclosure Statement and Confirmation Hearing; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of the Ballot; (v) Setting Administrative Claim Bar Date; and (VI) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

**PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, then you may wish to consult with one.**

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN ON OR BEFORE **JULY 3, 2020 AT 4:00 P.M.** (EASTERN DAYLIGHT TIME) YOU OR YOUR ATTORNEY MUST:

(1)    File with the Bankruptcy Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:

Clerk, United States Bankruptcy Court
For the Western District of North Carolina
401 West Trade Street
Room 111
Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive it** on or before the date stated above.

If you have your attorney file a written response then the response should be filed with the Bankruptcy Court by electronic means through the Court's website, *www.ncwb.uscourts.gov,* under the name and case number shown above.

(2)    You must also serve a copy of such request to the parties shown below and any other parties as required by law or orders of the Court on or before the date described above:

> U.S. Bankruptcy Administrator Office
> 402 W. Trade Street
> Suite 200
> Charlotte, NC 28202-1669
>
> Moore & Van Allen PLLC
> 100 North Tryon Street, Suite 4700
> Charlotte, NC 28202
> Attn: Zachary H. Smith

(3)    **Attend the hearing scheduled for July 8, 2020 at 9:30 a.m. (EDT) at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202, in Courtroom 1-5**. You should attend this hearing if you file an objection.

If you or your attorney do not attend the above-mentioned hearing, the Court may decide that you do not oppose the relief sought and may enter an Order granting the relief requested. No further notice of that hearing will be given.

[Remainder of Page Left Blank]

3

Dated: June 19, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Hillary B. Crabtree

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:    zacharysmith@mvalaw.com
Email:    hillarycrabtree@mvalaw.com
Email:    jimlangdon@mvalaw.com
Email:    juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 (Joint Administration) |
| | ) | |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**MOTION OF PLAN DEBTORS FOR ENTRY OF AN ORDER (I) CONDITIONALLY
APPROVING THE DISCLOSURE STATEMENT FOR DEBTORS SD-CHARLOTTE,
LLC, SD-MISSOURI, LLC, RTHT INVESTMENTS, LLC, AND SD RESTAURANT
GROUP, LLC, JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF
THE BANKRUPTCY CODE; (II) SCHEDULING A COMBINED DISCLOSURE
STATEMENT AND CONFIRMATION HEARING; (III) APPROVING SOLICITATION
PACKAGES AND PROCEDURES; (IV) APPROVING THE FORM OF THE BALLOT,
(V) SETTING ADMINISTRATIVE CLAIM BAR DATE AND (VI) GRANTING
RELATED RELIEF**

Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD

Restaurant Group, LLC (the "Plan Debtors"), by and through their undersigned counsel, hereby

move the Court for the entry of an order (i) conditionally approving the *Disclosure Statement for*

*Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant*

*Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425). Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

No. 415] (the "<u>Disclosure Statement</u>"), (ii) scheduling a final hearing (the "<u>Combined Hearing</u>")

on approval of the Disclosure Statement combined with a hearing on confirmation of the *Debtors*

*SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC,*

*Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 414]

(the "<u>Plan</u>"), (iii) approving the solicitation procedures set forth herein, (iv) approving the form

of ballots for the voting classes, (v) setting the administrative claim bar date, and (vi) granting

related relief as set forth in the proposed order (the "<u>Motion</u>").  In support of this Motion, the Plan

Debtors respectfully represents:

## **PRELIMINARY STATEMENT**

1.      By this Motion, and pursuant to the authority cited herein, the Plan Debtors seek

approval of various substantive and procedural matters central to the Plan confirmation process

and remaining administration of these chapter 11 cases (these "<u>Chapter 11 Cases</u>").  In particular,

the Plan Debtors believe it is appropriate under the circumstances presented by these Chapter 11

Cases to employ a confirmation process whereby this Court would conditionally approve the

Disclosure Statement, consider final approval of the Disclosure Statement at a consolidated

hearing on final approval of the Disclosure Statement and confirmation of the Plan, and allow the

Plan Debtors to forego an expensive, time consuming two-step process.  In order to proceed in the

most cost efficient and effective manner to confirm the Plan while continuing to afford creditors

due process and broad notice and opportunity to be heard, the Plan Debtors urge the Court to

conditionally approve the Disclosure Statement and set a Combined Hearing for these Chapter 11

Cases.

## JURISDICTION

2.      The United States Bankruptcy Court for the Western District of North Carolina

(the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is

proper in this district pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III

of the United States Constitution.

3.      The statutory predicates for the relief sought herein are sections 105, 1125, and

1126 of Title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 3016, 3017,

3018, 3020, 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On February 7, 2020 (the "Petition Date"), the Plan Debtors, along with their

affiliate, Southern Deli Holdings, LLC (together with the Plan Debtors, the "Debtors") filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to

operate their businesses and manage their affairs as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      No request for the appointment of a trustee or examiner has been made.

On February 20, 2020, the Order Appointing Creditors' Committee [Doc. No. 87] was entered

appointing the unsecured creditors' committee (the "<u>Creditors' Committee</u>") in these Chapter 11 Cases.

6.       Contemporaneously herewith, the Plan Debtors filed the Plan and Disclosure Statement, the first Plan and Disclosure Statement filed in these Chapter 11 Cases.

7.       A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Brian Rosenthal in Support of the Debtors Chapter 11 Petitions and Requests for First-Day Relief* [Doc. No. 17].

## <u>RELIEF REQUESTED</u>

8.       By this Motion, the Plan Debtors request that this Court enter an Order in substantially the form attached hereto as **<u>Exhibit A</u>**: (i) conditionally approving the Disclosure Statement; (ii) approving the form of ballots for the voting; (iii) approving the procedures; (iv) setting a date for a Combined Hearing on (a) final approval of the Disclosure Statement, and (b) confirmation of the Plan; (v) establishing and consolidating deadlines to file (a) objections to the Disclosure Statement, and (b) objections to confirmation; (vi) approving the procedures for solicitation of and tabulation of votes on the Plan; (vii) setting various deadlines; and (viii) describing the Plan Debtors' obligations.

9.       The Plan Debtors believe that combining the Disclosure Statement with the confirmation hearing will facilitate confirmation and consummation of the Plan and materially reduce administrative expenses.  As a result, the Plan Debtors believe that a solicitation and

consolidated hearing on approval of the Disclosure Statement and confirmation with respect to the Plan is in the best interest of the Plan Debtor's estates and their creditors.

10.    The Plan Debtors propose that the various deadlines related to the Combined Hearing be set on or about the following dates:

| Proposed Timetable | |
|---|---|
| **Event** | **Date** |
| Hearing on this Motion | **July 8, 2020** |
| Deadline to Mail Solicitation Packages | **July 8, 2020** |
| Deadline to File Plan Supplement | **Seven days prior to Voting Deadline** |
| (1) Voting Deadline and (2) Deadline to File Objections to Adequacy of Disclosure Statement and Plan | **August 5, 2020** |
| Deadline for Responses to Objections to Plan Confirmation and/or Adequacy of Disclosure Statement | **August 12, 2020** |
| Deadline to file (1) Voting Certification and (2) Confirmation Brief | **August 12, 2020** |
| Combined Hearing on approval of Disclosure Statement and confirmation of the Plan | **August 14, 2020** |

## BASIS AND AUTHORITY FOR RELIEF REQUESTED

**I.    Conditional Approval of the Disclosure Statement.**

11.    Conditional approval of the Disclosure Statement at this time will enable the Plan Debtors to timely commence solicitation, eliminate the need for the scheduling of a separate

disclosure statement hearing, facilitate the confirmation and consummation of the Plan, and

materially reduce administrative expenses.

12.    Section 1125(a)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor to
> the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such hypothetical
> investor of the relevant class to make an informed judgment about
> the plan . . . .

11 U.S.C. 1125(a)(1).   As such, a disclosure statement must provide information that is

"reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote

on the plan.  11 U.S.C. § 1125(a)(1); *see also Enron Corp. v. The New Power Co. (In re the New*

*Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006).  At its core, a disclosure statement "must

clearly and succinctly inform the average unsecured creditor what it is going to get, when it is

going to get it, and what contingencies there are to getting its distribution." *Lisanti v. Lubetkin*

*(In re Lisanti Foods, Inc.),* 329 B.R. 491, 507 (D. N.J. 2005) (citations omitted).

13.    The primary purpose of a disclosure statement is to provide all material

information that creditors and interest holders affected by a proposed plan need to make an

informed decision on whether to vote to accept or reject a plan.  *See, e.g., Century Glove, Inc. v.*

*First Am. Bank of New York*, 860 F.2d 94, 100 (3rd Cir. 1988) ("§ 1125 seeks to guarantee a

minimum amount of information to the creditor asked for its vote"); *In re Monnier*

*Bros*., 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum, Co*., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001*); In re Unichem Corp*., 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

14.    Bankruptcy courts have broad discretion to determine the adequacy of the information contained in a disclosure statement. *See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (the determination of adequate information is largely within the discretion of the bankruptcy court). *See also* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977) (concept of "adequate protection" is flexible to permit courts to "take a practical approach as to what is necessary under the circumstances of each case, such as cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection"). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, governed by the facts and circumstances of each case. *See In re Keisler*, 2009 WL 1851431 at *4 (Bank. E.D. Tenn. June 29, 2009).

15.    Here, the Disclosure Statement contains ample information, which is sufficient for stakeholders to consider when making informed decisions about whether to vote to accept or reject a plan, including the following types of pertinent information:

　　　　　a.　　Preliminary Statement: the Disclosure Statement includes a statement of the Plan Debtors in support of the Plan and the purpose and effect of the Plan;

b.  <u>History of the Debtors</u>: Articles II and III of the Disclosure Statement includes a discussion of the Debtors corporate history and capital structure, an overview of their business operations, and the precipitating events leading to the bankruptcy filing;

c.  <u>Events During the Reorganization Cases</u>: Article IV of the Disclosure Statement discusses certain key events that have taken place during the course of these Chapter 11 Case;

d.  <u>Overview of the Plan</u>: Article V of the Disclosure Statement (i) contains a detailed summary of the classification and treatment of claims and interests under the Plan and the value of distributions to be received by holders of allowed claims and allowed interests and (ii) describes the means by which the Plan will be implemented including, among other things, distributions under the Plan, procedures for resolving disputed claims, and the treatment of executory contracts and unexpired leases;

e.  <u>Summary of Release and Exculpation Provisions</u>: In accordance with Bankruptcy Rule 3016(c), Article V of the Disclosure Statement describes in specific and conspicuous language certain releases and related injunctions that are essential components of the Plan;

f.  <u>Statutory Requirements for Confirmation</u>: Article VI of the Disclosure Statement describes the statutory requirements under the Bankruptcy Code for the Plan to be confirmed;

g.  <u>Risk Factors</u>: Article VII of the Disclosure Statement discusses certain risk factors that may affect the Plan;

h.  <u>Certain Federal Income Tax Consequences of the Plan</u>: Article VIII of the Disclosure Statement discusses certain U.S. federal income tax law consequences of the Plan.

16.  The Plan Debtors submit that the Disclosure Statement, along with the Plan, and the ballots, presently contain adequate information, as required by section 1125 of the Bankruptcy Code, so that the voting classes will be able to make informed decisions in voting to accept or reject the Plan and respectfully request that the Court conditionally approve the Disclosure

Statement as having adequate information and meeting the requirements of section 1125 of the

Bankruptcy Code.  Additionally, the Disclosure Statement, Plan and related documents reflect

comments received from several key stakeholder groups, including the Creditors' Committee and

the Prepetition Secured Lender.  Accordingly, conditional approval of the Disclosure Statement

will not prejudice any creditors.

### II.    Combined Hearing

17.    The Plan Debtors request the Combined Hearing be held on **August 14, 2020 at**

**9:30 a.m.**, subject to Court availability.  The authority to consolidate a confirmation hearing and

consider the adequacy of a disclosure statement is specifically addressed by section

105(d)(2)(B)(vi) of the Bankruptcy Code which provides in relevant part:

> (d) The court, on its own motion or on the request of a party in interest...
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that...
>
> (B) in a case under chapter 11 of this title—...
>
>> (vi) provides that the hearing on approval of the disclosure statement may be consolidated with the hearing on confirmation of the plan.

11 U.S.C. § 105(d)(2)(B)(vi).

18.    The Plan Debtors submit that such a Combined Hearing in this Chapter 11 Case

would promote judicial economy and liquidation of the Plan Debtors.  Conditional approval of

the Disclosure Statement subject to final approval at a consolidated hearing on the Disclosure

Statement and confirmation of the Plan is warranted and appropriate in these cases in order to

minimize the administrative fees and expenses associated with the Plan approval process.

19.    The Plan Debtors believe that the creditors will be able to sufficiently review and

assess both the Plan and the Disclosure Statement in the amount of time proposed.  Furthermore,

all creditors entitled to vote on the Plan will receive at least forty (40) days' notice of the

Combined Hearing and will have the opportunity to be heard and to object to the adequacy of the

Disclosure Statement prior to its final approval at the Combined Hearing.  As such, this Court has

the authority to conditionally approve the Disclosure Statement and consider final approval of the

Disclosure Statement in conjunction with confirmation of the Plan.

20.    Therefore, the Plan Debtors respectfully request that the Court agree to consolidate

final approval of the Disclosure Statement and confirmation of the Plan at the single Combined

Hearing and enter an order scheduling the Combined Hearing for **August 14, 2020 at 9:30 a.m**.

### III.    Request for Consolidated Deadline and Procedures for Filing of Objections to Adequacy of Disclosure Statement and Confirmation.

21.    Bankruptcy Rule 2002(b) requires that all creditors be given at least twenty-eight

(28) days' notice by mail of the time fixed for filing objections to approval of a disclosure

statement or confirmation of a plan of reorganization.  Additionally, Bankruptcy Rule 3017(a)

provides:

> [A]fter a disclosure statement is filed in accordance with Rule 3016(b), the
> court shall hold a hearing on at least 28 days' notice to the debtor, creditors,

equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission, and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

22.    Additionally, section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; see also Fed. R. Bankr. P. 3017(c). Bankruptcy Rule 3020(b)(1) additionally provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(l).

23.    In accordance with Bankruptcy Rule 3017(c), the Plan Debtors request that (a) the Combined Hearing on confirmation of the Plan and final approval of the Disclosure Statement be scheduled for **August 14, 2020 at 9:30 a.m**. (assuming the hearing on this motion takes place on July 8, 2020, and subject to the Court's availability), and (b) objections, if any, to the confirmation of the Plan or the adequacy of the Disclosure Statement be filed by not later than **August 5, 2020, at 5:00 p.m.** prevailing Eastern Time. This date will give creditors and other interested parties twenty-eight (28) days to file such objections, while still affording the Plan Debtors an adequate period of time to respond to any objections timely received.

24.    The Plan Debtors further request that the Bankruptcy Court require that all objections to final approval of the Disclosure Statement and confirmation of the Plan: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this

Court; (c) set forth the name of the objector, and the nature of the amount of any claim or equity security interest asserted by the objector against the estate or property of the Debtor; (d) state with particularity the legal and factual basis for such objection; and (e) be filed with the Clerk of the United States Bankruptcy Court for the Western District of North Carolina, in accordance with Bankruptcy Rule 3020(b)(1), together with proof of service thereof, and served by U.S. Mail, overnight delivery, or electronic mail so as to be received no later than **5:00 p.m. prevailing Eastern Time, on August 5, 2020 (the "<u>Objection Deadline</u>"),** by the following parties: (a) the Plan Debtors to Zachary Smith (zacharysmith@mvalaw.com), Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202; (b) the Prepetition Secured Lender to Jennifer L. Silvestro (silvestro@larypc.com), Lazer, Aptheker, Rosella & Yedid, P.C., 225 Old Country Road, Melville, NY 11747 and A. Cotten Wright (cwright@grierlaw.com), Grier Wright Martinez, PA, 521 E. Morehead Street, Suite 440, Charlotte, NC 28202; (a) the Plan Debtors to Zachary Smith (zacharysmith@mvalaw.com), Hillary Crabtree (hillarycrabtree@mvalaw.com), Jim Langdon (jimlangdon@mvalaw.com), and Julia May (juliamay@mvalaw.com), Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202; (b) the Prepetition Secured Lender to Jennifer L. Silvestro (silvestro@larypc.com), Lazer, Aptheker, Rosella & Yedid, P.C., 225 Old Country Road, Melville, NY 11747 and A. Cotten Wright (cwright@grierlaw.com), Grier Wright Martinez, PA, 521 E. Morehead Street, Suite 440, Charlotte, NC 28202; (c) the Creditors' Committee to Bradford J. Sandler (bsandler@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), and Jason Rosell

16

(jrossell@pszjlaw.com), Pachulski Stang Ziehl & Jones LLP, 919 North Market Street 17th Floor,

P.O. Box 8705, Wilmington, DE 19899 and David H. Conaway (dconaway@shumaker.com) and

Ronald D.P. Bruckmann (rbruckmann@shumaker.com), Shumaker, Loop & Kendrick, LLP, 101

S. Tryon Street Suite 2200, Charlotte NC 28210; (d) Bankruptcy Administrator for the Western

District of North Carolina; and (e) and any party that has requested notice pursuant to Bankruptcy

Rule 2002.

   25.  The Plan Debtors respectfully submit that the foregoing procedures provide

adequate notice for final approval of the Disclosure Statement at the Combined Hearing under the

Bankruptcy Rules.  Further, allowing for the Combined Hearing and the additional relief sought

herein will result in a significant reduction of administrative expenses.

### IV. Solicitation and Voting Procedures

   26.  Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and

equity security holders upon approval of a disclosure statement.  In accordance therewith, the Plan

Debtors propose to transmit or cause to be transmitted by first class mail to parties entitled to vote

on the Plan (the "Voting Parties") a solicitation package containing: (a) a cover letter describing

(i) the contents of the Solicitation Package; (ii) information about how to obtain access, free of

charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order, together with

the exhibits thereto, on the case administration website; and (iii) information about how to obtain,

free of charge, paper copies of any of the documents included in the Solicitation Package; (b) a

written notice, substantially in the form annexed hereto as **Exhibit B**, of (i) the Court's conditional

17

approval of the Disclosure Statement; (ii) the deadline for voting on the Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing objections to the approval of the Disclosure Statement and confirmation of the Plan ("Combined Hearing Notice"); (c) copies of the Plan and Disclosure Statement (in electronic format); (d) the Conditional Disclosure Statement Order (excluding the exhibits thereto); (e) an appropriate form of Ballot, instructions on how to complete the Ballot and a pre-paid, preaddressed Ballot return envelope, substantially in the form annexed hereto as **Exhibit C** (the "Ballot"); and (f) such other information as the Court may direct or approve (collectively, the "Solicitation Package").  The Plan Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

27.    Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f).  Accordingly, the Plan Debtors submit that they need not transmit a Solicitation Package to holders of claims in the unimpaired classes who are unimpaired and deemed to have accepted the Plan.  In lieu of the Solicitation Package, the Plan Debtors propose sending unimpaired creditors a notice, substantially in the form attached hereto as **Exhibit D** (the "Unimpaired Non-Voting Notice").

28.    Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).  Therefore, the Plan Debtors submit that it is not

required to transmit Solicitation Packages to holders of claims and interests in any class that will

not receive any distribution or retain property under the Plan and are deemed to have rejected the

Plan. In lieu of the Solicitation Package, the Plan Debtors propose sending impaired creditors that

are deemed to reject the Plan a notice, substantially in the form attached hereto as **Exhibit E**

(the "Impaired Non-Voting Notice," and together with the Unimpaired Voting Non-Notice, the

"Non-Voting Notices").

29.    The Plan Debtors propose to mail or cause to be mailed to holders of claims in the

unimpaired classes and holders of claims and interests in the deemed rejecting classes

(collectively, the "Non-Voting Parties"), at the address to which notices are required to be sent

pursuant to Bankruptcy Rule 2002(g), (1) the applicable Non-Voting Notice setting forth: (a) the

non-voting classes; (b) summary of the treatment of claims and interests under the Plan; (c) the

date and time of the Combined Hearing; (d) the deadline and procedures for filing objections to

the Plan; and (e) the deadline for filing administrative claims set forth in the Plan and (2) an

opt-out form for the releases contemplated under the Plan, attached hereto as **Exhibit F**

(the "Non-Voting Opt-Out"). The Non-Voting Notices will indicate that Non-Voting Parties may

obtain a copy of the Plan and Disclosure Statement free of charge from the Plan Debtors.

The Non-Voting Notices contain all required information with respect to the Combined Hearing,

and, for the avoidance of doubt, the Plan Debtors seek direction to send only the Non-Voting

Notices and Non-Voting Opt-Outs to Non-Voting Parties.

30.     The Plan Debtors propose that the Court establish the of entry of an order approving this Motion as the record date (the "<u>Voting Record Date</u>") for the purposes of determining (a) which creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Plan, subject to the disallowance of such creditors' claims for voting purposes as set forth herein or (b) the holders of claims and interests entitled to receive the Non-Voting Notice.[2]

31.     Stretto, the Plan Debtors' claims, noticing, and solicitation agent, shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

32.     The Plan Debtors additionally request that creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "<u>Claims Estimation Motion</u>") for such relief no later than July 18, 2020.  Any such Claims Estimation Motion may be resolved by agreement between the Plan Proponent and the movant without the requirement for further order or approval of the Court.

---

[2] The Plan Debtors requests that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

## V.    Confirmation Objection

33.    Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a proposed chapter 11 plan must be filed and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code, and any other entity designated by the Court, within a time specified by the Bankruptcy Court.  *See* Fed. R. Bankr. P. 3020(b).  The Plan Debtors request that the Court establish **August 5, 2020, at 5:00 p.m**. (Eastern Time) as the last date to file objections to approval of the Disclosure Statement and confirmation of the Plan.

34.    Any objection to confirmation of the Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection, and the specific grounds of the objection.  Plan Objections must be filed with the Bankruptcy Court and served upon: (a) the Plan Debtors to Zachary Smith (zacharysmith@mvalaw.com), Hillary Crabtree (hillarycrabtree@mvalaw.com),  Jim Langdon (jimlangdon@mvalaw.com), and Julia May (juliamay@mvalaw.com), Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202; (b) the Prepetition Secured Lender to Jennifer L. Silvestro (silvestro@larypc.com), Lazer, Aptheker, Rosella & Yedid, P.C., 225 Old Country Road, Melville, NY 11747 and A. Cotten Wright (cwright@grierlaw.com), Grier Wright Martinez, PA, 521 E. Morehead Street, Suite 440, Charlotte, NC 28202; (c) the Creditors' Committee to Bradford J. Sandler (bsandler@pszjlaw.com), Shirley S. Cho (scho@pszjlaw.com), and Jason Rosell (jrosell@pszjlaw.com), Pachulski Stang Ziehl & Jones LLP, 919 North Market

Street 17th Floor, P.O. Box 8705, Wilmington, DE 19899 and David H. Conaway (dconaway@shumaker.com) and Ronald D.P. Bruckmann (rbruckmann@shumaker.com), Shumaker, Loop & Kendrick, LLP, 101 S. Tryon Street Suite 2200, Charlotte NC 28210; (d) Bankruptcy Administrator for the Western District of North Carolina; and (e) and any party that has requested notice pursuant to Bankruptcy Rule 2002.

### VI.    Administrative Claim Bar Date

35.    The Plan Debtors seek authority to set the bar date for administrative expense claims that arose (i) between the Petition Date and the effective date of a confirmed Plan (the "Effective Date") for any holders of administrative expense claims (the "Administrative Claim Bar Date").  The Plan Debtors seek to set the Administrative Claims Bar Date thirty (30) days after the Effective Date.  For the avoidance of doubt, the Administrative Claim Bar Date includes any professional fee claims.

36.    The Plan Debtors shall include notice of the Administrative Claim Bar Date in the Combined Hearing Notice as well as the Non-Voting Notices and request that be sufficient notice of the Administrative Claim Bar Date.

### NOTICE

37.    Notice of this Motion shall be provided to: (i) the Bankruptcy Administrator; (ii) the Creditors' Committee; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Plan Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Plan Debtors respectfully requests that this Court enter an order, substantially in the form annexed hereto as **__Exhibit A__**, and grant such other and further relief as this Court deems just and proper.

Dated: June 19, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Hillary B. Crabtree

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:    zacharysmith@mvalaw.com
Email:    hillarycrabtree@mvalaw.com
Email:    jimlangdon@mvalaw.com
Email:    juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

## **EXHIBIT A**

### **PROPOSED ORDER**

**IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
| | ) | |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE
STATEMENT FOR DEBTORS SD-CHARLOTTE, LLC, SD-MISSOURI, LLC, RTHT
INVESTMENTS, LLC, AND SD RESTAURANT GROUP, LLC, JOINT PLAN OF
LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE; (II)
SCHEDULING A COMBINED DISCLOSURE STATEMENT AND CONFIRMATION
HEARING; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES;
(IV) APPROVING THE FORM OF THE BALLOT, (V) SETTING ADMINISTRATIVE
CLAIM BAR DATE AND (VI) GRANTING RELATED RELIEF**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425). Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

Upon consideration of the motion (the "Motion") Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, (collectively, the "Plan Debtors") for the entry of an order (i) conditionally approving the *Disclosure Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 415] (the "Disclosure Statement"), (ii) scheduling a final hearing (the "Combined Hearing") on approval of the Disclosure Statement combined with a hearing on confirmation of the *Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 414] (the "Plan"), (iii) approving the solicitation procedures set forth herein; (iv) approving the form of ballots for the voting classes, (v) setting the administrative claim bar date, and (vi) granting related relief pursuant to sections 105, 1125, and 1126 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and after due deliberation, hearing having been held, and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2

2.      The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.  Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (defined below).

3.      The Combined Hearing Notice, the Non-Voting Notices, and the Non-Voting Opt-Out are approved in all respects.

4.      The form of the Ballot is approved in all respects.

5.      The date this Order is entered is established as the Voting Record Date for the purposes of determining the creditors and equity interest holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Plan.

6.      The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than July 8, 2020**.**

7.      Any Plan Supplement must be filed with this Court not later than August 7, 2020.

8.      Ballots must be received on or before **August 5, 2020, at 5:00 p.m. (Eastern Time)** ("Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Plan Debtors in writing.

9.      If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "Claims Estimation Motion") for such relief no later than **July 18, 2020**.  Any such

Claims Estimation Motion may be resolved by agreement between the Plan Debtors and the movant without the requirement for further order or approval of the Court.

10.    As to any creditor filing a Claims Estimation Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, prior to the Combined Hearing.

11.    Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Plan Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) the Bankruptcy Administrator; (ii) the Plan Debtors;  (iii) the Prepetition Secured Lender, (iv) the Creditors' Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **August 5, 2020, at 5:00 p.m. (Eastern Time)**.  Any objections not filed and served as set forth above will not be considered by the Court.

12.    Any party supporting the Plan may file a reply to any objection to confirmation of the Plan by **August 12, 2020**.

13.    The Plan voting certification shall be filed by **August 12, 2020.**

14.    A hearing shall be held before this Court on **August 14, 2020, at 9:30 a.m. (Eastern Time),** or as soon thereafter as counsel can be heard, to consider confirmation of the

4

Plan (the "Combined Hearing") at the United States Bankruptcy Court for the Western District of

North Carolina, before the Honorable J. Craig Whitley in the United States Bankruptcy Court for

the Western District of North Carolina, 401 West Trade Street, Room 111, Charlotte, NC 28202.

15.     The Administrative Claim Bar Date is hereby set for thirty (30) days after the

Effective Date of the Plan.

16.     The Combined Hearing may be adjourned from time to time without further notice

to creditors and other parties-in-interest by an announcement of the adjourned date at the

Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

17.     The Plan Debtors are authorized to take or refrain from taking any action necessary

or appropriate to implement the terms of and the relief granted in this Order without seeking

further order of the Court.

18.     The Plan Debtors are authorized to make non-substantive changes to the Plan,

Ballot, Combined Hearing Notice, Non-Voting Notices, Administrative/Priority Claim Consent

Form and related documents without further order of the Court, including, without limitation,

changes to correct typographical and grammatical errors and to make conforming changes.

19.     This Court shall retain jurisdiction over all matters related to or arising from the

Motion or the interpretation or implementation of this Order.

This Order has been signed electronically.                          United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of this Order.

5

## **EXHIBIT B**

### **COMBINED HEARING NOTICE**

**IN UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 (Joint Administration) |
| | ) | |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

**NOTICE OF (I) CONDITIONAL APPROVAL OF**
**DISCLOSURE STATEMENT; (II) HEARING TO CONSIDER**
**CONFIRMATION OF THE PLAN; (III) DEADLINE FOR FILING**
**OBJECTIONS TO CONFIRMATION OF THE PLAN; (IV) DEADLINE**
**FOR VOTING ON THE PLAN; AND (V) BAR DATE FOR FILING ADMINISTRATIVE**
**CLAIMS ESTABLISHED BY THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On February 7, 2020 (the "Petition Date"), the above captioned debtors and debtors

in possession (the "Debtors") filed with this Court a voluntary petition for relief under chapter 11

of the Bankruptcy Code.  The factual background relating to the Debtor's commencement of this

chapter 11 case is set forth in detail in the *Declaration of Brian Rosenthal in Support of Debtors'*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).  Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

*Chapter 11 Petitions and Requests for First-Day Relief* [Doc. No. 17] (the "<u>First Day Declaration</u>")

filed on the Petition Date and incorporated herein by reference.

## THE PLAN AND DISCLOSURE STATEMENT

2.    On June 19, 2020, Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT

Investments, LLC, and SD Restaurant Group, LLC, (the "<u>Plan Debtors</u>") filed the *Disclosure*

*Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD*

*Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*

[Doc. No. 415] (the "<u>Disclosure Statement</u>") and the *Debtors SD-Charlotte, LLC, SD-Missouri,*

*LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant*

*to Chapter 11 of the Bankruptcy Code* [Doc. No. 414] (including all exhibits thereto and as

amended, supplemented or otherwise modified from time to time, the "<u>Plan</u>").[1]

## CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

3.    By an Order dated _____, 2020, (the "<u>Conditional Disclosure Statement Order</u>"),

the United States Bankruptcy Court for the Western District of North Carolina (the "<u>Court</u>")

conditionally approved the Disclosure Statement as containing adequate information within the

meaning of section 1125 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

2

The Conditional Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

4.     By the Conditional Disclosure Statement Order, the Court established **August 5, 2020** at 5:00 p.m. (Eastern Time) (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Plan must be received.  To be counted, your original ballot must actually be **received** on or before the Voting Deadline by Stretto, the Plan Debtors' claims noticing, and solicitation agent, either by electronic transmission or at the following address:

SD-Charlotte Ballot Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

## DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING

5.     On **August 14, 2020 at 9:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Laura T. Beyer in the United States Bankruptcy Court for the Western District of North Carolina, to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

6.     The Combined Hearing may be adjourned from time to time, without further notice. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## ADMINISTRATIVE CLAIM BAR DATE

7.      Article II.C.2a of the Plan sets a Bar Date for the filing of Administrative Claims

as follows:

> Requests for payment of Administrative Expense Claims (other than 503(b)(9) Claims, which are subject to the May 22, 2020 Bar Date, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) must be filed no later than the Administrative Expense Bar Date. Unless otherwise ordered by the Court, Holders of Administrative Expense Claims (other than the Holders of 503(b)(9) Claims, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) that do not file requests for the allowance and payment thereof on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors or their Estates.

> "Administrative Expense Bar Date" shall be thirty (30) days from the Confirmation Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

8.      Article IX of the Plan contains the release and exculpation provisions set forth

below:

### 1.      Exculpation

The exculpation section of Article IX of the plan reads as follows: **"The Exculpated Parties shall not have or incur, and are hereby released from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or equity Interest, or any other party-in-interest, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Orders, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with this Plan or the**

transactions contemplated in this Plan.  Nothing herein shall prevent any Exculpated Party from asserting as a defense to any claim of fraud, willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Plan or otherwise."

2.    Releases

a.  Releases by the Plan Debtors

The releases by the Plan Debtors section of Article IX of the plan reads as follows: **"Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Avoidance Action, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan.**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Avoidance Actions against (i) all Holders of Claims and Interests that are presumed to accept this Plan; (ii) all Holders of Claims and Interests who vote to accept this Plan; (iii) all Holders of Claims or Interests that abstain from voting on this Plan and who do not affirmatively opt out of releases provided in the Plan by checking the box on the applicable ballot or form indicating that they opt out of the releases provided in the Plan; and (iv) all Holders of Claims or Interests that vote to reject this Plan and do not opt out of the releases in this Plan.  For the avoidance of doubt, and notwithstanding anything to the contrary in this Article, the Plan Debtors do not provide releases with respect to the Permitted Causes of Action."**

b.    Third-Party Releases

The Third-Party Releases Section of Article IX of the Plan reads as follows: **"Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released**

5

**Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Effective Date relating to and/or in connection with any of the Plan Debtors, and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan."**

3.      **Injunctions Relating to Releases**

The Injunctions Relating to Releases section of Article IX of the plan reads as follows: **"Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to this Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under this Plan, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order."**

4.      **Injunctions to Protect Estate Assets**

The Injunctions to Protect Estate Assets section of Article IX of the plan reads as follows: **"Except as expressly otherwise provided in the Plan, or to the extent necessary to enforce the terms and conditions of the Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Interests in the Plan Debtors shall be permanently enjoined from taking any of the following actions against the Plan Debtors, the Plan Debtors' Estates, the Plan Debtors' successors, the Post-Effective Date Plan Debtors, the Plan Administrator, the Oversight Committee, the Wind-**

**Down Fund or any of their property on account of any such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Plan Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Plan."**

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN

9.      Objections, if any, to approval of the Disclosure Statement or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court for the Western District of North Carolina, 401 West Trade Street, Room 111, Charlotte, NC 28202, in accordance with local rules and procedure, together with proof of service **on or before August 5, 2020, at 5:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) the Bankruptcy Administrator; (ii) the Debtor; (iii) the Prepetition Secured Lender, (iv) the Creditors' Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

10.      Copies of the Plan, the Disclosure Statement, and all documents filed in these Chapter 11 Cases are available free of charge on Stretto's case website at

cases.stretto.com/sdcharlotte.  Copies of the Plan and Disclosure Statement are also on file with

the Clerk of the Bankruptcy Court for the Western District of North Carolina, and may be reviewed

during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet

website at https://www.ncwb.uscourts.gov/.

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT STRETTO VIA EMAIL AT TEAMSDC@STRETTO.COM OR VIA PHONE AT 1-855-303-5664.**

Dated: June __, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Draft

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:    zacharysmith@mvalaw.com
Email:hillarycrabtree@mvalaw.com
Email:    jimlangdon@mvalaw.com
Email:    juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

## EXHIBIT C

### FORM OF CLASS 1 BALLOT

**IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT
JOINT PLAN OF LIQUIDATION**

## <u>CLASS 1</u>: PREPETITION SECURED LENDER CLAIMS

**PLEASE TAKE NOTICE THAT** Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC,, (collectively, the "<u>Plan Debtors</u>") have commenced the solicitation of votes, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), to accept the *Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Debtors' Disclosure Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>"). On [__] the United States Bankruptcy Court for the Western District of North Carolina conditionally approved the Disclosure Statement. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425). Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

| | |
|---|---|
| **IMPORTANT NOTE**: | PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT (THE "BALLOT") AND THE PLAN INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.  THIS BALLOT PERMITS YOU TO VOTE ON THE PLAN. |
| **DEADLINE**: | THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY STRETTO[2] (THE "SOLICITATION AGENT") PRIOR TO 5:00 P.M. PREVAILING EASTERN TIME ON **AUGUST 5, 2020** (THE "VOTING DEADLINE"). |
| **QUESTIONS**: | If you have any questions regarding this Ballot, the enclosed voting instructions, the procedures for voting, or need to obtain additional solicitation materials, please contact the Solicitation Agent by emailing TeamSDC@stretto.com and reference "SD-Charlotte Ballot" in the subject line or at +1 (855) 303-5664 (toll free). |
| **NOTICE**: | You have received this Ballot because the Plan Debtors' books and records indicate that you are a Holder of an Allowed Claim in Class 1, (the "Voting Class") as of [__], 2020 (the "Voting Record Date") and as set forth in Item 1 of the Ballot.  Accordingly, you have the right to execute this Ballot and to vote to accept or reject the Plan on account of those Claims. |
| | This Ballot may not be used for any purpose other than for casting votes with respect to the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent immediately.  You should review the Plan before you vote.  You may wish to seek legal advice concerning the proposals related to the Plan. |

---

[2] Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote.**  The undersigned, the holder of a Class 1 Prepetition Secured Lender Claim against the Plan Debtors, hereby votes, in the amount set forth below, as follows (check <u>one</u> box):

☐ Accept the Plan          ☐ Reject the Plan.

Amount of Claim: $_____

**Item 2.  Release Information.  Article IX of the Plan provides for a third-party release (the "<u>Third-Party Release</u>"):**

**1.      EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, FOR ANY ACT OR OMISSION (I) THAT TOOK PLACE PRIOR TO THE EFFECTIVE DATE RELATING TO AND/OR IN CONNECTION WITH ANY OF THE PLAN DEBTORS, AND (II) IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THE CHAPTER 11 CASES, THE NEGOTIATION AND FILING OF THIS PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS AND LEASES, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE CONSUMMATION OF THIS PLAN, OR THE ADMINISTRATION OF THIS PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN.**

**2.      ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES HEREIN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASES HEREIN ARE:  (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (II) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE**

3

**RELEASES HEREIN; (III) IN THE BEST INTERESTS OF THE PLAN DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE AND REASONABLE; (V) GIVEN AND MADE AFTER REASONABLE INVESTIGATION AND AFTER NOTICE AND OPPORTUNITY FOR HEARING; AND (VI) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED BY THE RELEASES HEREIN AGAINST ANY OF THE RELEASED PARTIES.**

IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:

**"RELEASED PARTY"** MEANS COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE PLAN DEBTORS; (B) THE PREPETITION SECURED LENDER; (C) THE DIP LENDER; (D) THE CREDITORS' COMMITTEE AND ITS MEMBERS; (E) MERU, LLC AND BRIAN ROSENTHAL, AS CHIEF RESTRUCTURING OFFICER; (F) THE FINLEY GROUP AND MATTHEW SMITH, AS INDEPENDENT DIRECTOR; (G) WITH RESPECT TO (A) THROUGH (F), SUCH ENTITIES' PROFESSIONALS AND REPRESENTATIVES. FOR THE AVOIDANCE OF DOUBT, RELEASED PARTIES SHALL NOT INCLUDE (A) YARON GOLDMAN; (B) CURRENT AND FORMER MEMBERS AND MANAGERS OF THE PLAN DEBTORS; OR (C) HOLDERS OF CLAIMS OR INTERESTS THAT AFFIRMATIVELY OPT OUT OF THE RELEASES OR WHO VOTE TO REJECT THE PLAN.

**"RELEASING PARTY"** MEANS COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH: (A) THE PLAN DEBTORS; (B) THE PREPETITION SECURED LENDER; (C) THE DIP LENDER; (D) THE CREDITORS' COMMITTEE; (E) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE PRESUMED TO ACCEPT THIS PLAN; (F) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THIS PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THIS PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF RELEASES PROVIDED IN THE PLAN BY CHECKING THE BOX ON THE APPLICABLE BALLOT INDICATING THAT THEY OPT OUT OF THE RELEASES PROVIDED IN THE PLAN; (H) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THIS PLAN AND DO NOT OPT OUT OF THE RELEASES IN THIS PLAN; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH (H); AND (J) WITH RESPECT TO EACH ENTITY IN CLAUSES (A) THROUGH (I), EACH SUCH ENTITY'S REPRESENTATIVES.

NOTWITHSTANDING THE FOREGOING, AN ENTITY SHALL **BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT: (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO**

**THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.**

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN <u>ONLY IF</u> YOU (A) CHECK THE BOX BELOW OR (B) **TIMELY FILE WITH THE BANKRUPTCY COURT ON** THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

**IF YOU FAIL TO INDICATE ON THIS OPT-OUT THAT YOU HAVE AFFIRMATIVELY OPTED OUT OF THE RELEASES, YOU WILL BE DEEMED TO PROVIDE SUCH RELEASES TO ALL RELEASED PARTIES.**

<u>**The Holder of the Claims identified in Item 1 elects to:**</u>

> ☐ <u>**OPT OUT of the Third-Party Release**</u>

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant and make the other elections set forth in this Ballot.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| Signature | |
| If by Authorized Agent, Name and Title | Street Address |
| | |

5

_____
City, State, Zip Code

_____        _____
Date Completed                                    Telephone Number

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE)** *PROMPTLY* **VIA THE ONLINE
PORTAL**

**To submit your Ballot via the Solicitation Agent's online portal, please visit
http://cases.stretto.com/sdcharlotte.  Click on the "File a Ballot" section of the website and
follow the instructions to submit your Ballot.**

IMPORTANT NOTE: You will need the unique password printed on the cover sheet to this
ballot in order to retrieve and submit your customized electronic Ballot:

Unique Password: **(Printed on cover sheet to this Ballot)**

The Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via
electronic or online transmission.  Ballots submitted by facsimile, email or other means of
electronic transmission will not be counted.

Each Password is to be used solely for voting only those Claims described in Item 1 of your
electronic Ballot.

Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit
a hardcopy Ballot.

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT **ON
OR BEFORE** AUGUST 5, 2020, **AT 5:00 P.M.,** PREVAILING EASTERN TIME, IF THE
VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS
BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN
ONLY IN THE DISCRETION OF THE PLAN DEBTORS.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING
INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE
RESTRUCTURING HOTLINE AT ANY OF THE FOLLOWING NUMBER:**
+1 (855) 303-5664 (toll free) OR EMAIL TeamSDC@stretto.com

## Instructions for Completing Your Ballot

     1.     The Plan Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

     2.     The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

     3.     To ensure that your Ballot is counted, you *must* complete and submit this Ballot as instructed herein.  **Ballots will not be accepted by facsimile or by electronic mail.**

     4.     **Use of Ballot.**  To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 1 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

     5.     Your Ballot *must* be returned to the Solicitation Agent so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is August 5, 2020, at 5:00 p.m.**, prevailing Eastern Time.

     6.     If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Plan Debtors. Additionally, **the following Ballots will *not* be counted**:

    (a)   any Ballot that partially rejects and partially accepts the Plan;
    (b)   Ballots sent to the Plan Debtors, the Plan Debtors' agents (other than the Solicitation Agent), any Agent, indenture trustee, or the Plan Debtors' financial or legal advisors;
    (c)   Ballots sent by facsimile or electronic mail;
    (d)   any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;
    (e)   any Ballot submitted by a holder not entitled to vote pursuant to the Plan;
    (f)   any unsigned Ballot;
    (g)   any non-original Ballot; and/or
    (h)   any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

     7.     Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent *actually receives* the originally executed Ballot.  In all cases, holders should allow sufficient time to assure timely delivery.

8.     If multiple Ballots are received from the same holder of a Claim entitled to Vote on the Plan with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9.     You must vote all of your Claims either to accept or reject the Plan and may not split your vote.  If a Holder has multiple Claims in each of the Voting Class, the Company may direct the Solicitation Agent to aggregate those Claims for the purpose of counting votes.  Additionally, to the extent there are discrepancies between the amounts claimed in this Ballot and the lender register, the lender register will govern for vote tabulation purposes.

10.     This Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

**11.**     **<u>Please be sure to sign and date your Ballot</u>**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Plan Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the mailing label attached to the Ballot.

12.     If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes ***only*** your Claims indicated on that ballot, so please complete and return each ballot that you received.

## **EXHIBIT D**

### **UNIMPAIRED NON-VOTING NOTICE**

# IN UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS AND (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN AND (IV) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On February 7, 2020 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The factual background relating to the Debtor's commencement of this chapter 11 case is set forth in detail in the *Declaration of Brian Rosenthal in Support of Debtors'*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).  Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

*Chapter 11 Petitions and Requests for First-Day Relief* [Doc. No. 17] (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## THE PLAN AND DISCLOSURE STATEMENT

1.    On June 19, 2020, Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, (the "Plan Debtors") filed the *Disclosure Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 415] (the "Disclosure Statement") and the *Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 414] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").[2]

## CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

2.    By an Order dated _____, 2020, (the "Conditional Disclosure Statement Order"), the United States Bankruptcy Court for the Western District of North Carolina (the "Court") conditionally approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

The Conditional Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

### DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING

3.        On **August 14 , 2020 at 9:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Laura T. Beyer in the United States Bankruptcy Court for the Western District of North Carolina, to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

4.        The Combined Hearing may be adjourned from time to time, without further notice.  The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

### NON-VOTING STATUS

5.        You are receiving this Notice because under the terms of the Plan, either: (a) your Claim(s) are not classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) you are a holder of a Claim which is defined in the Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Plan, and therefore deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are not entitled to vote to accept or reject the Plan.  Accordingly, this notice is being mailed to you for your information only.

6.      If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Plan Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Debtor.

## COPIES OF THE PLAN

7.      The Plan Debtors **will not** provide you with copies of the Plan.  The Plan Debtors will not provide you with copies of the Plan.  Copies of the Plan, the Disclosure Statement, and all documents filed in these Chapter 11 Cases are available free of charge on Stretto's case website at cases.stretto.com/sdcharlotte.  Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Western District of North Carolina, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at https://www.ncwb.uscourts.gov/.

## ADMINISTRATIVE CLAIM BAR DATE

8.      Article II.C.2a of the Plan sets a Bar Date for the filing of Administrative Claims as follows:

> Requests for payment of Administrative Expense Claims (other than 503(b)(9) Claims, which are subject to the May 22, 2020 Bar Date, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) must be filed no later than the Administrative Expense Bar Date.  Unless otherwise ordered by the Court, Holders of Administrative Expense Claims (other than the Holders of 503(b)(9) Claims, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) that do not file requests for the allowance and payment thereof on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors or their Estates.

"<u>Administrative Expense Bar Date</u>" shall be thirty (30) days from the Confirmation Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

9.      Article IX of the Plan contains the release and exculpation provisions set forth

below:

### 1.      Exculpation

The exculpation section of Article IX of the plan reads as follows: **"The Exculpated Parties shall not have or incur, and are hereby released from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or equity Interest, or any other party-in-interest, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of the Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of the Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with this Plan or the transactions contemplated in this Plan.  Nothing herein shall prevent any Exculpated Party from asserting as a defense to any claim of fraud, willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Plan or otherwise."**

### 2.      Releases

#### c.   Releases by the Plan Debtors

The releases by the Plan Debtors section of Article IX of the plan reads as follows: **Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Avoidance Action, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this**

**Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan.**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Avoidance Actions against (i) all Holders of Claims and Interests that are presumed to accept this Plan; (ii) all Holders of Claims and Interests who vote to accept this Plan; (iii) all Holders of Claims or Interests that abstain from voting on this Plan and who do not affirmatively opt out of releases provided in the Plan by checking the box on the applicable ballot indicating that they opt out of the releases provided in the Plan; and (iv) all Holders of Claims or Interests that vote to reject this Plan and do not opt out of the releases in this Plan. For the avoidance of doubt, and notwithstanding anything to the contrary in this Article, the Plan Debtors do not provide releases with respect to the Permitted Causes of Action.**

### b.  Third-Party Releases

The Third-Party Releases Section of Article IX of the Plan reads as follows: **Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Petition Date relating to and/or in connection with any of the Plan Debtors, and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan.**

### 3.  Injunctions Relating to Releases

The Injunctions Relating to Releases section of Article IX of the plan reads as follows: **Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to this Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or**

based on the subject matter of such released claims, **Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under this Plan, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.**

### 4.     Injunctions to Protect Estate Assets

The Injunctions to Protect Estate Assets section of Article IX of the plan reads as follows: **Except as expressly otherwise provided in the Plan, or to the extent necessary to enforce the terms and conditions of the Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Interests in the Plan Debtors shall be permanently enjoined from taking any of the following actions against the Plan Debtors, the Plan Debtors' Estates, the Plan Debtors' successors, the Post-Effective Date Plan Debtors, the Plan Administrator or any of their property on account of any such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Plan Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Plan.**

### <u>DEADLINE FOR OBJECTIONS TO APPROVAL OF THE<br>DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN</u>

10.     Objections, if any, to approval of the Disclosure Statement or confirmation of the

Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the

Court, United States Bankruptcy Court for the Western District of North Carolina, 401 West Trade

Street, Room 111, Charlotte, NC 28202, in accordance with local rules and procedure, together with proof of service **on or before August 5, 2020 at 5:00 p.m. (Eastern Time) (the "<u>Objection Deadline</u>"),** and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) the Bankruptcy Administrator; (ii) the Debtor; (iii) the Prepetition Secured Lender; (iv) the Creditors' Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Dated: June __, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Draft

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:   zacharysmith@mvalaw.com
Email: hillarycrabtree@mvalaw.com
Email:   jimlangdon@mvalaw.com
Email:   juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

## **EXHIBIT E**

## **IMPAIRED NON-VOTING NOTICE**

**IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS AND (I) CONDITIONAL APPROVAL OF
DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF
THE PLAN, (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF
THE PLAN AND (IV) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS
ESTABLISHED BY THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On February 7, 2020 (the "Petition Date"), the above captioned debtors and debtors

in possession (the "Debtors") filed with this Court a voluntary petition for relief under chapter 11

of the Bankruptcy Code.  The factual background relating to the Debtor's commencement of this

chapter 11 case is set forth in detail in the *Declaration of Brian Rosenthal in Support of Debtors'*

*Chapter 11 Petitions and Requests for First-Day Relief* [Doc. No. 17] (the "First Day

Declaration") filed on the Petition Date and incorporated herein by reference.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).  Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

## THE PLAN AND DISCLOSURE STATEMENT

2.      On June 19, 2020, Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, (the "Plan Debtors") filed the *Disclosure Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 415] (the "Disclosure Statement") and the *Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 414] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan").[2]

## CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

3.      By an Order dated _____, 2020, (the "Conditional Disclosure Statement Order"), the United States Bankruptcy Court for the Western District of North Carolina (the "Court") conditionally approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of Title 11 of the United States Code (the "Bankruptcy Code").  The Conditional Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

## DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING

4.        On **August 14, 2020 at 9:30 a.m.  (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Laura T. Beyer in the United States Bankruptcy Court for the Western District of North Carolina, to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

5.        The Combined Hearing may be adjourned from time to time, without further notice.  The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

6.        You are receiving this Notice because under the terms of the Plan you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Plan Debtors and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Plan and (b) **not** entitled to vote on the Plan.  Accordingly, the Notice is being mailed to you for your information only.

7.        If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Plan Debtors that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Debtor.

## COPIES OF THE PLAN

8.      The Plan Debtors **will not** provide you with copies of the Plan.  Copies of the Plan, the Disclosure Statement, and all documents filed in these Chapter 11 Cases are available free of charge on Stretto's case website at cases.stretto.com/sdcharlotte.   Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Western District of North Carolina, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at https://www.ncwb.uscourts.gov/.

## ADMINISTRATIVE CLAIM BAR DATE

9.      Article II.C.2a of the Plan sets a Bar Date for the filing of Administrative Claims as follows:

> Requests for payment of Administrative Expense Claims (other than 503(b)(9) Claims, which are subject to the May 22, 2020 Bar Date, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) must be filed no later than the Administrative Expense Bar Date.  Unless otherwise ordered by the Court, Holders of Administrative Expense Claims (other than the Holders of 503(b)(9) Claims, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) that do not file requests for the allowance and payment thereof on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors or their Estates.

> "Administrative Expense Bar Date" shall be thirty (30) days from the Confirmation Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

10.      Article IX of the Plan contains the release and exculpation provisions set forth below:

1.      **Exculpation**

The exculpation section of Article IX of the plan reads as follows: "**The Exculpated Parties shall not have or incur, and are hereby released from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or equity Interest, or any other party-in-interest, for any act or omission originating or occurring on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Orders, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with this Plan or the transactions contemplated in this Plan. Nothing herein shall prevent any Exculpated Party from asserting as a defense to any claim of fraud, willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Plan or otherwise.**"

2.      **Releases**

c.  **Releases by the Plan Debtors**

The releases by the Plan Debtors section of Article IX of the plan reads as follows: "**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Avoidance Action, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan.**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Plan Debtors, their Estates, and each of the Plan Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Avoidance Actions against (i) all Holders of Claims and Interests that are presumed to accept this Plan; (ii) all Holders of Claims and Interests who vote to accept this Plan; (iii) all Holders of**

**Claims or Interests that abstain from voting on this Plan and who do not affirmatively opt out of releases provided in the Plan by checking the box on the applicable ballot or form indicating that they opt out of the releases provided in the Plan; and (iv) all Holders of Claims or Interests that vote to reject this Plan and do not opt out of the releases in this Plan. For the avoidance of doubt, and notwithstanding anything to the contrary in this Article, the Plan Debtors do not provide releases with respect to the Permitted Causes of Action."**

### d.      Third-Party Releases

The Third-Party Releases Section of Article IX of the Plan reads as follows: **"Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Effective Date relating to and/or in connection with any of the Plan Debtors, and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be Distributed under this Plan."**

### 3.      Injunctions Relating to Releases

**The Injunctions Relating to Releases section of Article IX of the plan reads as follows: "Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to this Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Petition Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under this Plan,**

**and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order."**

        **4.**        **Injunctions to Protect Estate Assets**

        The Injunctions to Protect Estate Assets section of Article IX of the plan reads as follows: **"Except as expressly otherwise provided in the Plan, or to the extent necessary to enforce the terms and conditions of the Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Interests in the Plan Debtors shall be permanently enjoined from taking any of the following actions against the Plan Debtors, the Plan Debtors' Estates, the Plan Debtors' successors, the Post-Effective Date Plan Debtors, the Plan Administrator, the Oversight Committee, the Wind-Down Fund or any of their property on account of any such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Petition Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Plan Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Plan."**

**DEADLINE FOR OBJECTIONS TO APPROVAL OF THE
DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN**

        11.        Objections, if any, to approval of the Disclosure Statement or confirmation of the

Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the

Court, United States Bankruptcy Court for the Western District of North Carolina, 401 West Trade

Street, Room 111, Charlotte, NC 28202, in accordance with local rules and procedure, together

with proof of service **on or before August 5, 2020, at 5:00 p.m. (Eastern Time) (the "<u>Objection</u>**

**<u>Deadline</u>")**, and shall (a) state the name and address of the objecting party and the amount of its

claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the

provision or provisions of the Plan objected to and for any objection asserted, the legal and factual

basis for such objections; and (c) be served on the following parties: (i) the Bankruptcy Administrator; (ii) the Debtor; (iii) the Prepetition Secured Lender; (iv) the Creditors' Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Dated: June __, 2020

**MOORE & VAN ALLEN, PLLC**


/s/ Draft_____

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email:   zacharysmith@mvalaw.com
Email: hillarycrabtree@mvalaw.com
Email:   jimlangdon@mvalaw.com
Email:   juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

**<u>EXHIBIT F</u>**

**NON-VOTING OPT-OUT**

**IN UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 (Joint Administration) |
|  | ) |  |
| SD-Charlotte, LLC, *et al.*, [1] | ) | Case No. 20-30149 |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**OPTIONAL NON-VOTING OPT OUT**

**PLEASE TAKE NOTICE THAT**, Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC,, (collectively, the "Plan Debtors") have commenced the solicitation of votes, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept the *Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as Exhibit A to the *Debtors' Disclosure Statement for Debtors SD-Charlotte, LLC, SD-Missouri, LLC, RTHT Investments, LLC, and SD Restaurant Group, LLC, Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement"). On [__] the United States Bankruptcy Court for the Western District of North Carolina conditionally approved the Disclosure Statement. You are receiving this form because you are a "Releasing Party" as defined Plan. If you do not wish to be a "Releasing Party," please complete and return this form the Solicitation Agent (as defined herein). Please note, by completing this form you will also no longer be a "Released Party," as defined in the Plan.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425). Debtor Southern Deli Holdings, LLC is not dealt with in the Plan and will be treated separately.

**DEADLINE**:         THIS OPT-OUT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY STRETTO[2] (THE "<u>SOLICITATION AGENT</u>") PRIOR TO 5:00 P.M. PREVAILING EASTERN TIME ON **AUGUST 5, 2020** (THE "<u>VOTING DEADLINE</u>").

**QUESTIONS**:       If you have any questions regarding this opt-out, the enclosed instructions, please contact the Solicitation Agent by emailing <u>TeamSDC@stretto.com</u> and reference "SD-Charlotte Opt-Out" in the subject line or at +1 (855) 303-5664 (toll free).

**NOTICE**:           You have received this opt-out because the Plan Debtors' books and records indicate that you are a Holder of an Allowed Claim or Interest in Class 4a, 4b, 5a, 5b, 6a, or 6b (the "<u>Non-Voting Classes</u>"), but are a Releasing Party as defined in the Plan.  Accordingly, you have the right to execute this opt-out to be excluded as both Released and Releasing Party.

---

[2] Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.

**Item 1.  Release Information.  Article IX of the Plan provides for a third-party release (the "<u>Third-Party Release</u>"):**

**1.        EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASING PARTIES SHALL BE DEEMED TO, COMPLETELY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASE, WAIVE, VOID AND EXTINGUISH THE RELEASED PARTIES FROM ANY CLAIM, CLAIM, CAUSE OF ACTION, OBLIGATION, SUIT, JUDGMENT, DAMAGES, DEBT, RIGHT, REMEDY OR LIABILITY, FOR ANY ACT OR OMISSION (I) THAT TOOK PLACE PRIOR TO THE EFFECTIVE DATE RELATING TO AND/OR IN CONNECTION WITH ANY OF THE PLAN DEBTORS, AND (II) IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THE CHAPTER 11 CASES, THE NEGOTIATION AND FILING OF THIS PLAN, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS AND LEASES, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE CONSUMMATION OF THIS PLAN, OR THE ADMINISTRATION OF THIS PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN.**

**2.        ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES HEREIN, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED HEREIN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE RELEASES HEREIN ARE:  (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (II) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE RELEASES HEREIN; (III) IN THE BEST INTERESTS OF THE PLAN DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE AND REASONABLE; (V) GIVEN AND MADE AFTER REASONABLE INVESTIGATION AND AFTER NOTICE AND OPPORTUNITY FOR HEARING; AND (VI) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED BY THE RELEASES HEREIN AGAINST ANY OF THE RELEASED PARTIES.**

<u>IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:</u>

"<u>**RELEASED PARTY**</u>" MEANS COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE PLAN DEBTORS; (B) THE PREPETITION

SECURED LENDER; (C) THE DIP LENDER; (D) THE CREDITORS' COMMITTEE AND ITS MEMBERS; (E) MERU, LLC AND BRIAN ROSENTHAL, AS CHIEF RESTRUCTURING OFFICER; (F) THE FINLEY GROUP AND MATTHEW SMITH, AS INDEPENDENT DIRECTOR; (G) WITH RESPECT TO (A) THROUGH (F), SUCH ENTITIES' PROFESSIONALS AND REPRESENTATIVES.  FOR THE AVOIDANCE OF DOUBT, RELEASED PARTIES SHALL NOT INCLUDE (A) YARON GOLDMAN; (B) CURRENT AND FORMER MEMBERS AND MANAGERS OF THE PLAN DEBTORS; OR (C) HOLDERS OF CLAIMS OR INTERESTS THAT AFFIRMATIVELY OPT OUT OF THE RELEASES OR WHO VOTE TO REJECT THE PLAN.

**"RELEASING PARTY"** MEANS COLLECTIVELY, AND IN EACH CASE, IN THEIR RESPECTIVE CAPACITIES AS SUCH:  (A) THE PLAN DEBTORS; (B) THE PREPETITION SECURED LENDER; (C) THE DIP LENDER; (D) THE CREDITORS' COMMITTEE; (E) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE PRESUMED TO ACCEPT THIS PLAN; (F) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THIS PLAN; (G) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ABSTAIN FROM VOTING ON THIS PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF RELEASES PROVIDED IN THE PLAN BY CHECKING THE BOX ON THE APPLICABLE BALLOT INDICATING THAT THEY OPT OUT OF THE RELEASES PROVIDED IN THE PLAN; (H) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THIS PLAN AND DO NOT OPT OUT OF THE RELEASES IN THIS PLAN; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH (H); AND (J) WITH RESPECT TO EACH ENTITY IN CLAUSES (A) THROUGH (I), EACH SUCH ENTITY'S REPRESENTATIVES.

NOTWITHSTANDING THE FOREGOING, AN ENTITY SHALL **BE NEITHER A RELEASING PARTY NOR A RELEASED PARTY IF IT: (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.**

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN ONLY IF YOU (A) CHECK THE BOX BELOW OR (B) **TIMELY FILE WITH THE BANKRUPTCY COURT ON** THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.  THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION.  BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.E OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

**IF YOU FAIL TO INDICATE ON THIS OPT-OUT THAT YOU HAVE AFFIRMATIVELY OPTED OUT OF THE RELEASES, YOU WILL BE DEEMED TO PROVIDE SUCH RELEASES TO ALL RELEASED PARTIES.**

**The Holder of a Non-Voting Claim or Interest elects to:**

☐ **OPT OUT of the Third-Party Release**

**Item 2.    Acknowledgments.**    By signing this opt-out, the undersigned certifies that the undersigned is the claimant or has the power and authority to opt-out of the Third-Party Releases. The undersigned understands that, if this opt-out is validly executed but does not indicate the intention to opt-out, this opt-out will not be counted.

| | |
|---|---|
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| Signature | |
| If by Authorized Agent, Name and Title | Street Address |
| | City, State, Zip Code |
| Date Completed | Telephone Number |

**IF YOU WISH TO OPT-OUT, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA THE ONLINE PORTAL**

**To submit your opt-out via the Solicitation Agent's online portal, please visit http://cases.stretto.com/sdcharlotte.  Click on the "File a Ballot" section of the website and follow the instructions to submit your opt-out.**

IMPORTANT NOTE: You will need the unique password printed on the cover sheet to this opt-out in order to retrieve and submit your customized electronic opt-out:

Unique Password:_ **(Printed on cover sheet to this opt-out)**

The Solicitation Agent's online portal is the sole manner in which opt-out will be accepted via electronic or online transmission.  Opt-outs submitted by facsimile, email or other means of electronic transmission will not be counted.

Creditors who submit and opt-out using the Solicitation Agent's online portal should NOT also submit a hardcopy opt-out.

---

IF YOU WISH TO OPT OUT, THE SOLICITATION AGENT MUST *ACTUALLY RECEIVE* THIS OPT OUT **ON OR BEFORE** THE VOTING DEADLINE, **AUGUST 5, 2020, AT 5:00 P.M.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT OR THE PROCEDURE FOR SUBMITTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT ANY OF THE FOLLOWING NUMBER:**
+1 (855) 303-5664 (toll free) OR EMAIL TeamSDC@stretto.com

### Instructions for Completing Your Opt-Out

1.      To ensure that your opt-out is received, you ***must*** complete and submit this opt-out as instructed herein.  **Opt-outs will not be accepted by facsimile or by electronic mail.**

2.      **Use of Opt-Out.** To ensure that your opt-out is received, you must: (a) complete your opt-out in accordance with these instructions; (b) clearly indicate your decision either to opt out in the box provided in Item 1 of the opt-out; and (c) clearly sign and submit your opt-out as instructed herein.

3.      Your opt-out ***must*** be returned to the Solicitation Agent so as to be ***actually received*** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is August 5, 2020, at 5:00 p.m.**, prevailing Eastern Time.