**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 (Joint Administration) |
| SD-Charlotte, LLC, *et al.*,[1] | ) ) | Case No. 20-30149 |
| Debtors. | ) ) ) ) | |

**NOTICE OF DEBTORS' MOTION PURSUANT TO**
**BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING**
**SETTLEMENT WITH THE NORTH CAROLINA DEPARTMENT OF REVENUE**

**PLEASE TAKE NOTICE THAT** the above captioned debtors and debtors in possession have filed the *Debtors' Motion Pursuant to Bankruptcy Rule 9019 for an Order Approving Settlement with the North Carolina Department of Revenue* (the "Motion") with the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

**PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, then you may wish to consult with one.**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

CHAR2\2311782v4

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN ON OR BEFORE **AUGUST 20, 2020 AT 4:00 P.M.** (EASTERN DAYLIGHT TIME) YOU OR YOUR ATTORNEY MUST:

(1)     File with the Court a written response requesting that the Court hold a hearing and explaining your position.  File the response at:

>   Clerk, United States Bankruptcy Court
>   For the Western District of North Carolina
>   401 West Trade Street
>   Room 111
>   Charlotte, NC 28202

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive it** on or before the date stated above.  If you have your attorney file a written response then the response should be filed with the Court by electronic means through the Court's website, *www.ncwb.uscourts.gov,* under the name and case number shown above.

(2)     You must also serve a copy of such request to the parties shown below and any other parties as required by law or orders of the Court on or before the date described above:

>   U.S. Bankruptcy Administrator Office
>   402 W. Trade Street
>   Suite 200
>   Charlotte, NC 28202-1669
>
>   Moore & Van Allen PLLC
>   100 North Tryon Street, Suite 4700
>   Charlotte, NC 28202
>   Attn: Zachary H. Smith

2

(3) **Attend the hearing scheduled for August 27, 2020 at 9:30 a.m. (EDT) at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202, in Courtroom 1-5**. You should attend this hearing if you file an objection.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: August 6, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Julia A. May

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email: zacharysmith@mvalaw.com
Email: hillarycrabtree@mvalaw.com
Email: jimlangdon@mvalaw.com
Email: juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |
|---|---|
| In re: | ) ) Chapter 11 (Joint Administration) |
| SD-Charlotte, LLC, *et al.*,[1] | ) ) Case No. 20-30149 |
| Debtors. | ) ) ) |

**DEBTORS' MOTION PURSUANT TO
BANKRUPTCY RULE 9019 FOR AN ORDER APPROVING
SETTLEMENT WITH THE NORTH CAROLINA DEPARTMENT OF REVENUE**

The above captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the United States Bankruptcy Court for the Western District of North Carolina (the "Court") for the entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as **Exhibit A** (the "Order"), approving that certain Settlement Agreement, between Debtor Southern Deli Holdings, LLC ("SD Holdings") and the North Carolina Department of Revenue (the "NC DOR"), attached hereto as **Exhibit B** (the "Settlement Agreement"). In support of this motion (this "Motion"), the Debtors respectfully represent:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

CHAR2\2311782v4

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. The statutory predicates for the relief requested herein are sections 105(a), 365, and 553 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6004 and 9019, and Rule 9013-1(e) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina.

## BACKGROUND

**A.  General Background.**

3. On February 7, 2020 (the "Petition Date") the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request for the appointment of a trustee or examiner has been made. On February 20, 2020, the *Order Appointing Creditors' Committee* [Doc. No. 87] was entered appointing the unsecured creditors' committee (the "Creditors' Committee") in these chapter 11 cases.

5. A description of the Debtors' businesses and the reasons for commencing these Chapter 11 Cases is set forth in the *Declaration of Brian Rosenthal in Support of the Debtors Chapter 11 Petitions and Requests for First-Day Relief* [Doc. No. 17].

### B. Proposed Settlement Agreement.

6. The Settlement Agreement resolves certain prepetition tax liabilities owed by SD Holdings to the NC DOR. On March 4, 2020, the NC DOR filed a proof of claim against SD Holdings to preserve this prepetition liability, numbered Proof of Claim 71 (the "NC DOR Claim") alleging a $120,978.34 priority claim and a $11,056.94 general unsecured claim. Pursuant to the Settlement Agreement, the NC DOR will receive $110,000.00 from the proceeds of the sale of SD Holdings' minority equity interest in DMAC-SD, LLC in full and final satisfaction of (i) the NC DOR Claim and (ii) and any potential further tax liability of SD Holdings to the NC DOR for the 2015, 2016, and 2017 tax years.

## BASIS FOR RELIEF

7. Approving the Settlement Agreement will resolve the largest priority claim alleged against SD Holdings for significantly less than the amount of the claim (which, upon information and belief, if not for the Settlement Agreement, the NC DOR would have amended to reflect an even higher amount owed) and prevent any further tax liabilities from accruing against SD Holdings for the 2015, 2016, and 2017 tax years. The Settlement Agreement allows SD Holdings to consensually resolve the NC DOR Claim and retain sufficient assets to either pay in full the

remainder of the priority claims brought against it and settle the senior secured claim alleged against it.  Accordingly, the Debtors submit that it is in the best interest of SD Holdings and its estate to approve the settlement and compromise between the NC DOR and SD Holdings.

8. "Compromises are favored in bankruptcy." 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993); *see Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond)*, No. 93-1410, 1994 WL 20107, at *3 (4th Cir. 1994) (quoting same).

9. Bankruptcy Rule 9019(a) provides: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) (upholding bankruptcy court's approval of settlement because it was "in the best interests of the estate as a whole"); *In re Babb*, Case No. 06-03003-8-JRL, 2009 WL 212568, at *3 (Bankr. E.D.N.C. Jan. 26, 2009) ("[T]he court must consider the probability of success in litigation and assess the wisdom of the proposed compromise in determining whether the compromise is fair and equitable and in the best interests of the estate.").

10. The United States Supreme Court has stated that, in determining the fairness of a compromise, a court should:

> [F]orm an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.  Basic to this process in every instance, of course, is

4

the need to compare the terms of the compromise with the likely rewards of the litigation.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). Courts within the Fourth Circuit apply the *TMT Trailer* case in evaluating a settlement under Bankruptcy Rule 9019(a), and have identified several factors to be considered, including: whether the settlement is fair, equitable, and in the best interest of the estate; the probability of success in litigation; the complexity, duration, and expense of the litigation; inconvenience and delay attending the litigation; and the interest of the creditors. *Livesay v. Cooper (In re CEI, LLC)*, 2019 U.S. Dist. LEXIS 29468, 18 (W.D.N.C. Feb. 25, 2019); *Maloy v. Sigmon (In re Maloy)*, 2009 WL 4800070, at *3 (Bankr. W.D.N.C. Dec. 7, 2009); *In re Babb*, 2009 WL 212568, at *3; *In re Lanier*, 383 B.R. 302, 307 (Bankr. E.D.N.C. 2008).

11. On the probability of success, "[i]t is sufficient to present the Court with the legal positions asserted by each side and the facts relevant to those issues. The Court itself can evaluate the likelihood of the parties' prevailing in that litigation to determine whether the settlement is reasonable." *In re Wash. Mutual, Inc.*, 442 B.R. 314, 330 (Bankr. D. Del. 2011).

12. But it is not for the bankruptcy court "to decide the numerous questions of law and fact [presented] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Maloy*, 2009 WL 4800070, at *3 (citations omitted); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1172-73 (4th Cir. 1975); *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010).

5

13. If a settlement is negotiated at arm's length and with no hint of collusion, the bankruptcy court will give deference to the exercise of each party's business judgment. *In re Bond*, 1994 WL 20107, at *4 ("Thus, when a proposed settlement offers benefits to the estate at the time the parties enter into the agreement, we think a bankruptcy court does not abuse its discretion by deferring to the business judgment of the parties who negotiated the compromise, especially when the parties negotiated at arm's length and there is no hint of collusion.").

14. Here, the Settlement Agreement is a product of extensive arm's length, good faith bargaining over the past several months between SD Holdings and the NC DOR, which resolves the NC DOR Claim and any potential further tax liability to the NC DOR for the 2015, 2016, and 2017 tax years. The Debtors believe the proposed compromise is fair and equitable, in the best interests of SD Holdings and its estate and avoids the administrative costs and risk of loss that would arise in further litigation of the issues set forth in this Motion. Accordingly, the Settlement Agreement is within SD Holdings' reasonable business judgment, and in any event, exceeds the lowest point in the range of reasonableness.

15. The Settlement Agreement is in the best interest the SD Holdings and its estate and creditors, and is reasonable, fair and equitable. Therefore, the Settlement Agreement should be approved under Bankruptcy Rule 9019(a).

## NOTICE

16. Notice of this Motion shall be provided to: (i) the Bankruptcy Administrator; (ii) the Creditors' Committee; and (iii) any party that has requested notice pursuant to Bankruptcy

Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Settlement Agreement, authorizing the parties to take all actions necessary to implement the Settlement Agreement, waiving, to the extent applicable, the automatic stay of Bankruptcy Rule 6004(h), and granting such other relief as is just and proper.

Dated: August 6, 2020

**MOORE & VAN ALLEN, PLLC**

/s/ Julia A. May

Zachary H. Smith (NC Bar 48993)
Hillary B. Crabtree (NC Bar 26500)
James Langdon (NC Bar 23241)
Julia A. May (NC Bar 50528)
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5968
Email: zacharysmith@mvalaw.com
Email: hillarycrabtree@mvalaw.com
Email: jimlangdon@mvalaw.com
Email: juliamay@mvalaw.com

*Counsel to the Debtors and Debtors-In-Possession*

7

# EXHIBIT A

## PROPOSED ORDER

**IN UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 (Joint Administration) |
| SD-Charlotte, LLC, *et al.*,[1] | ) ) | Case No. 20-30149 |
| Debtors. | ) ) ) ) |  |

**ORDER APPROVING SETTLEMENT WITH THE NORTH CAROLINA
DEPARTMENT OF REVENUE**

Upon consideration of the motion (the "Motion") of the above captioned debtors and debtors in possession for the entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving that certain Settlement Agreement between the Southern Deli Holdings, LLC and the North Carolina Department of Revenue (the "NC DOR") attached to the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: SD-Charlotte, LLC (7237); RTHT Investments, LLC (2540); SD Restaurant Group, LLC (0331); SD-Missouri, LLC (8294); and Southern Deli Holdings, LLC (9425).

1

Motion as **Exhibit B** (the "Settlement Agreement"), and upon the Court's determination that the relief requested in the Motion is in the best interests of SD Holdings, its estate, creditors, and other parties in interest; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein;

2. The Settlement Agreement is APPROVED;

3. The Debtors are authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreement; and

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Settlement Agreement approved herein.

This Order has been signed electronically.    United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of this Order.

# EXHIBIT B

# SETTLEMENT AGREEEMENT

# North Carolina Department of Revenue
Post Office Box 871
Raleigh, North Carolina 27602-0871

---

\#

---

### SETTLEMENT AGREEMENT
By and Between the Secretary of the
North Carolina Department of Revenue and
Southern Deli Holdings, LLC.

Pursuant to the general executive powers entrusted to the Secretary of the North Carolina Department of Revenue ("Department"), the Department enters into the following Settlement Agreement ("Agreement") with Southern Deli Holdings, LLC ("Taxpayer"). The Department and Taxpayer are hereinafter referred to as the "Parties," or a "Party," as the case may be.

WHEREAS, the Department issued a Notice of Collection for outstanding Partnership Tax ("Collection Notice") against Taxpayer for North Carolina Partnership Taxes, Interest and Penalties (collectively "Tax") due for tax year 2017 on May 30, 2019;

WHEREAS, Taxpayer filed a voluntary bankruptcy Petition, Case # 20-30151, in Western District of North Carolina Bankruptcy Court;

WHERAS, the Department timely filed a Proof of Claim on March 4, 2020 against the Taxpayer reflecting the Tax due for tax year 2017 ("Proof of Claim");

WHEREAS, the Department is currently conducting an examination of the books and records ("Audit") of the Taxpayer for tax years 2015, 2016 and 2017 ("Period at Issue");

WHERAS, the Department has determined through the course of the Audit that Taxpayer owes additional Partnership Tax for the Period at Issue ("Audit Liability");

WHEREAS, Taxpayer and the Department enter into this Agreement to resolve the Partnership Tax liability from the Proof of Claim and Audit Liability; and

WHEREAS, the Parties acknowledge that this Agreement contains Tax Information subject to the disclosure prohibitions of N.C. Gen. Stat. § 105-259 and N.C. Gen. Stat. § 132-1.1. As used in this Agreement, "Tax Information" has the same meaning as in N.C. Gen. Stat. § 105-259.

NOW THEREFORE, the Parties hereto do agree as follows:

1. Taxpayer agrees to pay the Department the sum of $110,000 ("Settlement Amount"), for full resolution of the Taxpayer's outstanding liability for non-resident Partnership Tax from both the Proof of Claim and Audit Liability. Payment of the Settlement Amount will satisfy the tax obligation created at the partnership level pursuant to N.C. Gen. Stat. § 105-154(d) for the

Period at Issue related to the Proof of Claim and any additional income taxes that would result from the Partnership's Audit.  The unremitted amount of non-resident Partnership tax paid on behalf of non-resident partner, Yaron Goldman for tax year 2017 is deemed satisfied at the time the Settlement Amount is remitted.

2. Taxpayer agrees to remit full payment of the Settlement Amount of $110,000 to the Department on or before September 30, 2020. The payment shall be mailed to the attention of Ronald D. Williams, II, Assistant Attorney General, North Carolina Attorney General's Office, Post Office Box 629, Raleigh, North Carolina 27602-0629.

3. Upon receipt of the Settlement Amount, the Department will close the Audit. All matters relating to the Audit will be considered resolved via this agreement.

4. Taxpayer agrees to execute two copies of this Agreement on or before August 5, 2020.

5. Contemporaneously with the execution of this Agreement, Taxpayer shall file a Motion in the Bankruptcy case evidencing the agreement of the Parties.

6. Each Party shall bear its own costs, expenses, and attorney's fees.

7. This Agreement represents a full and final binding resolution of the Taxpayer's Partnership Tax liability and Audit Liability for the Period at Issue.  Taxpayer and non-resident partner, Yaron Goldman, therefore expressly waive all rights to make any further appeals or request a refund with respect to Taxpayer's Partnership Tax liability and Audit Liability for the Period at Issue, including requesting a refund of the amount paid under this Agreement.

8. This Agreement does not constitute a concession, agreement or admission by either the Department or Taxpayer as to the correctness or applicability of any legal or factual contention of the other Party. The Settlement Amount referenced above represents a compromised sum and does not represent any admission by either of the Parties of any of the contested issues.

9. This Agreement constitutes the entire agreement of the Parties. All prior understandings and representations are merged in this Agreement and this Agreement shall not be modified in any manner, except by written instrument signed by the Parties.

10. This Agreement shall be governed by the laws of North Carolina.

11. This Agreement is final and conclusive except that the matter to which it relates may be reopened in the event of fraud, malfeasance or the misrepresentation of material fact.

13. If Taxpayer fails to comply with any of the terms of this Agreement, the failure to comply will constitute a default of this Agreement and the Department may use all applicable legal remedies to collect the Tax plus all applicable interest, including the docketing of a Certificate of Tax Liability.  Thus, if Taxpayer fails to remit payment in accordance with this agreement, the Department may declare the entire outstanding Partnership Tax liability from both the Proof of Claim and Audit Liability, all applicable penalties found in the Collection Notice and interest then outstanding for the Period at Issue due and owing and proceed with collecting the outstanding amount from Taxpayer.  To the extent this occurs, the Department may impose a collection assistance fee on the outstanding amount in accordance with N.C. Gen. Stat. § 105-243.1. So

long as Taxpayer complies with the payment terms and filing requirements of this Agreement, no tax lien, Certificate of Tax Liability, or any similar filing shall be filed or docketed by the Department in any manner including, without limitation, in the public records.

14. By signing this Agreement, Taxpayer and the Department certify and attest that they have read and agreed to all the terms of this Agreement, that the individuals signing below each represent and warrant that they are authorized to execute this Agreement for and on behalf of the Party for whom they are signing, and as the binding act of such Party, and that they do so voluntarily after ample opportunity to review the document with any individuals, advisors and counsel so desired.

NORTH CAROLINA DEPARTMENT OF REVENUE

By: *Cale Johnson*

Title: Director, Taxpayer Assistance and Collection Division

Date: 8/5/2020

SOUTHERN DELI HOLDINGS, LLC

By: *Brian Rosenthal*

Title: Chief Restructuring Officer

Date: 8/5/2020

YARON GOLDMAN

By: *[signature]*

Date: 8/5/2020